## CLARK ET AL. VS. CARNALL.

It is irregular to set a chancery cause for hearing, and absolutely hearing it, at the appearance term, against a party answering, without his affirmative consent. But if the defendant so answering do not complain, his co-defendants, against whom no relief is prayed or taken, and who are not affected by the decree, have no right to appeal.

No appeal will lie from a decree *pro confesso* on default of answering, until it has been made final by the operation of the Statute, or the act of the Court.

On a bill to foreclose a mortgage, to which junior incumbrancers were made parties, the Court should decree that the balance of the money arising from the sale after paying the mortgage debt, be brought into Court to be paid over to the parties according to their respective equities. But *quere:* Would a decree imperfect in this respect be reversible on appeal.

*Appeal from the Circuit Court of Sebastian county, in Chancery.*

Before the Hon. J. J. CLENDENIN, on interchange of circuits.

JORDAN, for the appellants.

HEMPSTEAD, for the appellee.

Mr. Justice HANLY, delivered the opinion of the Court.

On the 5th July, 1855, the appellee, Carnall, filed his bill in the Circuit Court of Sebastian county in chancery, to foreclose a mortgage, charged to have been made by one Norton to one Fleming on sundry lots situate in the city of Fort Smith, to secure the payment of four notes for $250 each, bearing date, the date of such mortgage, and payable one, two, three and four years from the 2nd Sept., 1852. The bill charges that before the payment of either, or any of said notes, they were regularly and duly assigned and delivered to the complainant therein, and that at the time they were so set over, the mortgage

was also assigned to him. It is further charged in the bill that subsequently to the execution of such mortgage, and its formal registration in the county of Sebastian, some five other mortgages were made by the defendant Norton on the same property, and that within the same time, some sixteen or seventeen judgments were recorded in the Sebastian Circuit Court against the same defendant, Norton, and that such judgments operated as liens on the same property. The subsequent mortgagees and judgment creditors are made defendants to the bill. The bill also makes the assignor of the complainant party defendant thereto.

At the return term of the subpoenas, all the parties to the bill were brought in, either by personal service, or by publication proved. There was no substantive appearance except for the defendant Fleming, who admitted in his answer all the main facts charged in the bill; but averred that, at the time he made the assignment of the notes and mortgage to the complainant, there was an agreement in writing entered into between them, to the effect that he was only to be responsible to the complainant for the amount of his notes in the event that he should be unable to make the same out of the defendant Norton, or the mortgaged premises, and asking that such might be the decree of the Court. A default was noted as to all the defendants at that term except as to Fleming. As to him, the transcript shows there was an order entered, at the same term, that the cause should be set down for hearing on bill, answer, and exhibits, which was accordingly done, and the cause at that term heard by the Court, without any affirmative consent, or further step taken by him after the coming in of his answer. No replication seems to have been filed to Fleming's answer. On hearing the cause as to Fleming, the Chancellor seems to have rendered a decree, *pro confesso*, against the defendants not appearing, as well as on the hearing against Fleming, which, in substance, is that the defendant, Norton, the mortgagor, was found to be indebted to the complainant in the sum of $250, due 2d Sept. 1853, and the like sum due the 2d Sept., 1854, with interest on those sums up to the date of the

decree; and further that he was also indebted to complainant in two like sums, the one due 2d Sept., 1855, and the other on the same day in 1856. That the defendant Norton should pay the two sums due with interest, within 60 days, and in default thereof that the commissioner appointed therein should sell all or so much of the mortgaged premises as should be sufficient to pay the several debts so ascertained by the decree, at a time and place appointed therein, with the usual directions in regard to the notice of sale, etc. It was further authorized by the decree that, as to the notes not due, the complainant should have leave, by subsequent decree or order, to make said decree apply to them as they should fall due by their terms and tenor.

The bill, in this case, prayed process of subpoena against all the defendants: that they be required to answer the bill; that an account be taken, under the direction of the Court, of what is due upon the mortgages and judgments set out and stated in the bill; that the defendant Norton be decreed to pay what should appear to be due, with costs, and in default thereof, that the mortgaged premises be sold, and the proceeds applied according to the rights of the respective parties; and for general relief.

The appeal in this cause was prayed for and taken by only three defendants, Clark, Spring and Wheeler, who appear from the bill to have no interest in the case made out, except as subsequent mortgagees or judgment creditors. The mortgagor, Norton, and the defendant, Fleming, seem to have acquiesced in the decree of the Court below. The cause is only before this Court on the appeal of Clark, Spring and Wheeler.

It does not appear from the transcript that any evidence was offered at the hearing of the cause as to Fleming. It is supposed, theretore, that the hearing as to him was on the bill, his answer, and the exhibits (the mortgage and notes recited in the Bill) without further proof.

The appellants have assigned seven errors and insist that the cause must be reversed on their account. In the view that we shall take of this case, we do not deem it necessary to notice the assignment, except in a general way.

We are unable to perceive the principle upon which the appellants can hope to reverse this cause.   It is manifest they are not directly affected by the decree pronounced against Norton, the mortgagor.   It was wholly unnecessary that the complainant, Carnall, should have made them parties to his bill, and having done so, and no relief prayed for, or taken against them, we are forced to intend they were made by the complainant and considered by the Court below, merely as formal parties. If the decree that was taken, which the appellants appear to conceive or term a *pro confesso* decree against them, affected their interests in any way, they had a day in Court, after it was rendered, to have had their complaints respecting it heard and remedied by the Court.   But it seems their mouths were closed as to this.   No application was made for this purpose.   No effort was made to set aside the supposed decree against them, and allow them to file their answers to the original bill, and cross bill against the complainants and their co-defendants, to have their rights protected in respect to the mortgaged premises, or the securities therein marshaled, and the rights of those in interest defined and settled by the Court.   Without asking to have the decree set aside, they are shown, by the transcript, to have applied for and taken an appeal to this Court, and *here* their chief complaint is, that injustice has been done and errors committed against one of their co-defendants, Fleming, who has not complained, but seems to have acquiesced in the disposition of the cause as respects himself.   As to Fleming, we have no doubt but that the Court below was premature in setting his cause for hearing, and absolutely hearing it at the same term at which his answer was filed, and that, too, without his affirmative consent.   But this, as we have before intimated, is a matter which affects only Fleming under the peculiar state of this case, and of which the appellants have no right to complain either in this Court or any other forum.   If Fleming had appealed, or complained of this irregularity, we might have been called upon, on that account, to have pronounced a reversal of the decree as to him.

It is, moreover, insisted for the appellants, that the decree

rendered in the cause before us is not commensurate with the prayer of the bill, and is therefore imperfect and reversible. We admit, in one respect, the decree is imperfect, for the reason that the Court below might have proceeded to decree the money arising from the sale of the mortgaged premises to be brought into Court, and there have determined the rights of the parties in interest to the fund, in accordance with their respective equities, and we think this would have been the proper and more appropriate course. But for this alone, we do not feel that we should be warranted in reversing the decree, even if we supposed we had full cognizance of the cause as to the appellants, which we will hereafter determine. The rights of all the defendants to the excess of money arising from the sale of the mortgaged premises, may yet be protected and determined before this cause is fully disposed of in the Court below, after the commissioner, who has been appointed to make the sale under the decree already rendered, makes report of his proceedings to the Court and shows a balance of cash in his hands. It is presumed it would be competent for the Court, on petition or other appropriate showing on the part of the defendants, to determine the rights of those parties to that fund, with the view that their liens be enforced in their respective order of priority. See *Tyson vs. Harrington,* 6 *Ired. Eq. Rep.* 331.

Independent of the foregoing views, we think there can be no doubt but that the appellants were not entitled to the appeal granted them by the Court below, under the circumstances already shown; for the reason, that if there was really any decree rendered against or affecting them, it was only interlocutory, and would not, under the Statute, ripen and mature into a final and complete decree, from which an appeal would lie, until after it was made final by operation of law or the act of the Court. It must be borne in mind, the decree in question, as to the appellants, was a decree *nisi,* on the bill having been taken for confessed in consequence of their default to answer or plead to the bill. We hold that an appeal will not lie from such a decree until after it has been made final by the operation of the

Statute or the act of the Court. We esteem it during the time in a chrysalis state, and consequently imperfect.

It does not appear by the record before us that there was any error in the decree *nisi*, of which the appellants could legitimately complain: but as they probably might have appeared at the subsequent term of the Sebastian Circuit Court, before the decree *nisi* had become final, and shown their interest, they should be permitted to appear at the next term and file their answers within the first four days thereof if they should desire and ask so to do.

But as the decree appealed from is interlocutory and not final, as before held, an appeal will not lie from it to this Court. The cause is therefore dismissed.

Absent, Hon. C. C. SCOTT.