A. L. JACKSON AND S. M. MIXON, *Appellants,* v. H. F. DUT-TON, J. G. NICHOLS AND W. G. ROBINSON, AS SURVIV-ING PARTNERS OF THE FIRM OF H. F. DUTTON & CO., *Appellees.*

1. A cross-bill interposed by a second mortgagee who is made a party defendant to a bill to foreclose a first mortgage, not filed in aid of any defense, but to obtain affirmative relief against codefendants only, by having the surplus expected to be realized at the foreclosure sale under the prior mortgage applied to the payment of the second mortgage, which seeks no relief against the complainant in the original bill, and which fails to allege that there is likely to be a surplus, or that an adjudication in favor of the cross-complainant upon the matter of the cross-bill will tend to increase the amount likely to be realized at the sale of the mortgaged property, can not be maintained as against the complainant in the original bill, and his demurrer for want of equity thereto should be sustained.

2. Upon application of a second mortgagee made a party to a bill to foreclose a first mortgage, the court has power to direct the surplus, if any, upon a sale under the first mortgage, to be deposited in the registry of the court, and upon the deposit of such surplus the second mortgagee can by petition intervene and have the court adjudicate his right thereto, but he can not have such relief by merely setting up a claim therefor in his answer to the original bill.

46 Fla.—18

3. The chancellor in his discretion may permit an answer in chancery, not properly sworn to or signed, to be sworn to or signed, where no decree *pro confesso* has been entered against the party for failure to answer, and the exercise of such discretion will not be interfered with by an appellate court unless abused.

4. Where the chancellor grants leave to a party to swear to his answer which is then on file, within a stated time, and within that time an affidavit in proper form is appended to such answer while on file, the mere omission of the clerk to place the file-mark on such affidavit does not require the court to strike such answer or affidavit on motion of the complainant.

Order overruling demurrer to cross-bill reversed; orders denying motions to strike answer affirmed.

This case was decided by Division B.

Appealed from Circuit Court for Alachua county.

The facts in the case are stated in the opinion of the court.

*Evans Haile* for appellants.

*W. W. Hampton* and *W. C. Jackson* for appellees.

CARTER, P. J.—On October 23, 1899, appellants filed their bill in equity in the Circuit Court of Alachua county against H. F. Dutton, J. G. Nichols, W. G. Robinson and H. G. Robinson, partners under the firm name and style of H. F. Dutton & Co., and L. W. Jackson and his wife, Susie R. Jackson, praying foreclosure of a mortgage upon real estate. H. G. Robinson died while the suit was pending, and upon suggestion of his death, the suit was continued in the name of the surviving partners of H. F. Dutton & Co. The bill alleged that the mortgage sought to be foreclosed, executed by L. W. and Susie R. Jackson, was a first mortgage upon the premises, and that Dutton & Co. were the owners of a second mortgage upon the same premises, executed by the same parties, and as mortgagees

claimed some interest in or lien upon the mortgaged property, but that such lien or claim accrued subsequently to the lien of complainants' mortgage, and was subject thereto. The bill prayed that the mortgaged property be sold, that defendants be foreclosed of all right or equity of redemption therein, that complainants' mortgage indebtedness be paid from the proceeds of the sale and that the surplus if any be disposed of as the court should direct.

Dutton & Co. filed their answer in which they alleged that they were strangers to all and singular the matters and things in complaiants' bill, and required strict proof of each and every allegation therein contained. The answer also alleged that Dutton & Co. were the owners of the second mortgage mentioned in the bill, admitted that it was inferior to the mortgage sought to be foreclosed.by complainants and asked that any and all sums of money realized from the sale of the property in excess of the amount due upon complainants' mortgage and the expenses of suit be paid into the registry of the court to be applied to the payment of the mortgage held by them at the discretion of the court. This answer was sworn to by only one member of the firm of Dutton & Co.

At the time of filing the answer Dutton & Co. filed their cross-bill against appellants and L. W. Jackson and his wife, Susie R. Jackson. The cross-bill set forth the proceedings had in the original suit and alleged that Dutton & Co. were the owners of the second mortgage mentioned in the original bill which was long past due; that said mortgage was made subsequent, and the lien thereof was inferior, to the mortgage sought to be foreclosed by appellants, and prayed that the cross-bill be heard with and at the same time as the original bill; that an account be taken of the amount due Dutton & Co. upon their mortgage, that L. W. Jackson be directed to pay whatever should appear to be due upon the taking of such account with the cost of that proceeding, and in default of such payment that when the mortgaged premises should be sold to satisfy the

first mortgage held by appellants that the overplus be paid to Dutton & Co. on acount of their said mortgage.   Appellants demurred to the cross-bill, challenging its propriety upon the grounds that it was uncertain, vague, indefinite and wanting in equity, and that if the relief prayed could be granted at all it might be had by appropriate answer to the cross-bill, and at the same time moved to strike the answer of Dutton & Co. because it was signed and sworn to by only one member of the firm.

At the hearing had upon the motion and demurrer, March 16, 1900, the court overruled the demurrer and made an order that the motion to strike be granted as to the members of the firm of Dutton & Co. who had not sworn to the answer unless such members should swear to same within ten days.

Thereafter appellants moved to strike the answer of Dutton & Co. "because that since the affidavit to the answer required by the court has been filed to said bill the purported answer of Dutton & Co. had not been refiled, and because the said affidavit thereto has not been filed."   The court denied this motion and on the same day placed the file mark upon the affidavit of all members of the firm of Dutton & Co. appended to the answer, which affidavit appears to have been sworn to within the time allowed by the order of March 16, 1900, for filing same.

Other proceedings were had in the case, resulting in an order made July 10, 1900, which referred the cause to a master to take testimony and report, and directed that the original and cross-suits be heard together.   On September 11, 1900, appellants entered their appeal from the orders made upon the demurrer to the cross-bill and the motions to strike the answer of Dutton & Co.

The first assignment of error questions the propriety of the ruling upon the demurrer to the cross-bill.   It will be observed that the cross-bill is not in aid of any defense interposed by Dutton & Co., but is brought to obtain affirmative relief against defendants.   It does not claim any

relief affecting the interests of appellants.    It does not claim that Dutton & Co.'s mortgage is superior to that held by appellants, but expressly admits that it is not, and merely prays that the surplus of the proceeds of sales be paid over to Dutton & Co. upon their mortgage, without alleging even that there is likely to be a surplus, or that an adjudication in favor of the cross-complainants upon the matter of the cross-bill would tend to increase the amount likely to be realized upon sale of the mortgaged property. Appellants have no interest whatever, nor are they alleged to have any interest, in the matters stated in the cross-bill. These questions affect only Dutton & Co. and L. W. and Susie R. Jackson, and we can see no reason why appellants should be delayed in their right to foreclose, nor required to take part in litigation wherein they were not alleged to have the slightest interest, pending the settlement of questions raised by the cross-bill affecting Dutton & Co. and the mortgagors alone.    The court has ample power upon the application of Dutton & Co. based upon their answer to direct that the surplus, if any, be paid into the registry of the court (*Clark v. Carnall,* 18 Ark. 209), and thereupon Dutton & Co. can intervene by petition and have the court adjudicate their right to such surplus.  *Eldridge, Dunham & Co. v. Post,* 20 Fla. 579.   Such relief can not be granted Dutton & Co. upon their answer alone (*Wooten v. Bellinger,* 17 Fla. 289), but it can be granted upon petitions as above stated.   The demurrer to the cross-bill should have been sustained.  *Hergel, Admx., v. Laitenberger,* 2 Tenn. Chan. 251; *Ayers v. Carver,* 17 How. 591; *Weaver v. Alter,* 3 Woods, 152.  The Circuit Court in its discretion could permit the answer of Dutton & Co. to be sworn to, as no decree *pro confesso* had been entered at the time such permission was granted.  *Wilson v. Mitchell,* 43 Fla. 107, 30 South. Rep. 703.  It is not suggested that there was any abuse of this discretion in the present case, nor does it so appear. There was no error, therefore, in refusing the first motion to strike the answer.

It appears that the answer was not refiled after the new affidavit was appended to it, and no file mark was placed upon the new affidavit until at the hearing of the second motion to strike the answer. The answer was never striken from the files, and consequently there was no necessity of refiling it. The new affidavit was appended to the answer while it was of file, and bears date within the time limited by the order for filing it. Under these circumstances the court is of the opinion that the mere failure of the clerk to put the file mark upon the new affidavit was immaterial, as the paper appears to have been attached to the answer which was on file, and the court at the time of denying the last motion to strike placed the file mark upon it.

The order overruling the demurrer to the cross-bill is reversed, the orders denying the motions to strike the answer are affirmed, and the cause is remanded for such further proceedings as may be agreeable to chancery practice and consistent with this opinion.