J. N. DUNHAM et al., *Appellants,* v. D. P. SMITH, Trustee, *Appellee.*

Division B.

Opinion filed March 20, 1929.

*Shepard & Wahl,* for Appellant;

*Hull, Landis & Whitehair,* for Appellee.

BUFORD, J.—In this case D. P. Smith, as Trustee, being the holder of a first mortgage made to him as Trustee, instituted suit to foreclose the mortgage.

The owner and holder of a second mortgage inferior in dignity to the first mortgage was made defendant. This de-

fendant filed a cross bill seeking to foreclose the second mortgage in the same suit. A motion by the complainant in the original suit to strike the cross bill was granted. A motion for rehearing was filed and denied. Application to file an amended cross bill was also denied. From these orders appeal was taken.

It was said by this Court in Jackson et al. v. Dutton et al., 46 Fla. 513, 35 So. R. 74:

A cross bill interposed by a second mortgagee who is made a party defendant to a bill to foreclose a first mortgage, not filed in aid of any defense, but to obtain affirmative relief against co-defendants only, by having the surplus expected to be realized at the foreclosure sale under the prior mortgage applied to the payment of the second mortgage, which seeks no relief against the complainant in the original bill, and which fails to allege that there is likely to be a surplus, or that an adjudication in favor of the cross-complainant upon the matter of the cross bill will tend to increase the amount likely to be realized at the sale of the mortgaged property, cannot be maintained as against the complainant in the original bill, and his demurrer for want of equity thereto should be sutained.'' See also Turner v. Utley, 112 So. R. 837.

It appears that in the instant case an effort was made by the owner and holder of the second mortgage to place himself on ground to maintain his suit by incorporating in the cross bill the following language:

Your orators would further allege that there is likely to be a surplus, and that an adjudication in favor of your orators, herein, upon the matter of the cross bill will tend to increase the amount likely to be realized upon the sale of the mortgaged property.

This allegation is insufficient. The bill does not allege that the original complainant has any interest in the matters stated in the cross bill and no relief is sought against the original complainant by the cross bill. The cross bill sets up no matter of defense to the suit of the original complainant.

This Court in Jackson et al. v. Dutton et al., *supra,* has indicated the course to be pursued by the holder of a second mortgage under circumstances like those obtaining in the instant case, in the following language:

> Upon application of a second mortgagee made a party to a bill to foreclose a first mortgage, the court has power to direct the surplus, if any, upon a sale under the first mortgage, to be deposited in the registry of the court, and upon the deposit of such surplus the second mortgagee can by petition intervene and have the court adjudicate his right thereto, but he cannot have such relief by merely setting up a claim therefor in his answer to the original bill.

We find no error in the orders of the chancellor appealed from and the same should be affirmed. It is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.