BLUE HERON LAND COMPANY, a Florida Corporation, and the OCEAN AND LAKE REALTY COMPANY, a Florida Corporation, and EVALENE H. BREEN, *Appellants*, v. JAMES M. BROWN, BERTHA G. LANEHART, MARIE FLETCHER, and R. S. YEOMANS, SAMUEL W. TRAYLOR, LOTTIE G. TRAYLOR, JOHN GILLESPIE, HAZEL K. GILLESPIE, WILLIAM J. BREEN, BREEN REALTY COMPANY, a Florida Corporation, THE SPITZER-RORICK TRUST & SAVINGS BANK, an Ohio Corporation, and H. C. RORICK, as Trustees, and HARRY VOUGHT & COMPANY, INC., a New York Corporation, *Appellees*.

En Banc.

Opinion filed January 6, 1930.

*Henry J. O'Neill,* and *Winters, Foskett & Wilcox,* for Appellants;

*Raymond S. Yeomans,* for Appellees.

MATHEWS, Commissioner:

Appellants were among the defendants below in a proceeding brought to foreclose a first mortgage upon lands situate in Palm Beach County, Florida.

The amended bill of complaint, among other things, alleged that defendants Traylor and Gillespie, were the makers of the notes and first mortgage sought to be foreclosed; that defendant Ocean and Lake Realty Company, claimed some interest in the mortgaged lands under an agreement to purchase; that defendant Blue Heron Land Company, claimed to be the holder of the legal title to the mortgaged lands, and that the defendants Ocean and Lake Realty Company, Blue Heron Land Company and Evalene H. Breen, acquired their title or interest with actual and constructive knowledge of complainants' mortgage and their interest, if any, is subsequent and inferior to complainants' mortgage.

Defendants Traylor and Gillespie, answering the bill, admitted making of the first mortgage and notes and set up that they were holders of a second mortgage of record, given as security for $26,000.00, which had not been paid, and alleged that their mortgage was ''prior and superior to all liens, except the mortgage of complainants,'' and prayed, in the event of sale, that they be allowed to bid up to and including the total of the first and second mortgages, and only be required to put up money sufficient to cover the first mortgage and all costs allowed by the court.

The answer of Traylor and Gillespie does not appear to have been served upon the appellants, nor any process issued thereon, nor any issue made up as between the holders of the second mortgage and appellants.

Upon hearings before the master appointed to take the testimony in the cause, after complainants had rested in chief, the defendants Traylor and Gillespie filed their notes and second mortgage in evidence, and witnesses testified to the amount due thereon. This evidence was objected to by appellants, which objection was overruled. No evidence appears to have been introduced as to any amount paid out by complainants, or in their behalf, for taxes levied or assessed against the mortgaged lands.

Final decree of foreclosure in the usual form was rendered in favor of the complainants under the first mortgage, which found the amount due complainants and ordered and directed defendants to pay same, together with costs of suit and reasonable attorney's fees, fixed and allowed, and all taxes and assessments then due on the mortgaged property, failing in which within three days, the special master was directed in the usual manner, after public notice, to sell the mortgaged lands at public auction on a rule day and report his acts to the Court.

The final decree further provided in the event of sale by the master, that the defendants Traylor and Gillespie, be permitted to bid thereat and if they became the successful bidders at such sale, after payment of the amount found to be due complainants, with interest and costs, charges and expenses of foreclosure and reasonable solicitor's fees and taxes levied and assessed against the mortgaged lands, that they take credit on their bid for the amount therein decreed to be due them upon their mortgage.

Appellants assign as error, that part of the final decree requiring them to pay taxes before being permitted to redeem the mortgaged lands, and also that part of the final decree determining the amount due Traylor and Gillespie,

and permitting them to have credit therefor, should they be the successful bidders at a Master's sale of the property.

The amount, in a final decree of foreclosure, which a defendant should be required to pay in order to save his property from sale, should not include State, county or municipal taxes assessed against the mortgaged lands, which have not been paid out or advanced by complainant or by someone in his behalf.

A defendant in a mortgage foreclosure proceeding should not be required to pay any amount in excess of what complainant is entitled to recover, together with all costs of such proceeding, before being permitted to save his property from foreclosure sale. Cone-Otwell-Wilson Corp. v. Comd's Pt. Term. Co., 94 Fla. 448, 114 So. R. 232.

A second mortgage, made party defendant to a foreclosure proceeding brought to foreclose a first mortgage, should not, over complainants' objection be permitted to foreclose his second mortgage in the suit, when he does not show or allege that the complainant has any interest in the matters stated in his claim and no relief is sought by him against the complainant. Dunham v. Smith, 97 Fla. 386, 120 So. R. 761; Turner v. Utley, 93 Fla. 910, 112 So. R. 837.

It is ordered that the final decree, in so far as it ordered defendants to pay taxes, not advanced or paid out by complainants, before being permitted to redeem, and in so far as it undertook to find the amount due Traylor and Gillespie under the second mortgage, and provided that they have credit therefor, if they became the successful bidders at foreclosure sale, be and it is hereby reversed. In all .other respects the final decree is approved and affirmed.

This case is remanded for further and appropriate proceedings, consistent with this opinion.

It is so ordered.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the said final decree of the court below, in so far as it ordered defendants to pay taxes, not advanced or paid out by complainants, before being permitted to redeem, and in so far as it undertook to find the amount due Traylor and Gillespie under the second mortgage, and provided that they have credit therefor, if they became the successful bidders at foreclosure sale, be and the same is hereby reversed; it is further ordered by the Court that in all other respects the said final decree be and the same is hereby affirmed, and the cause remanded for further and appropriate proceedings.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.