W. E. RIGGS and CORA W. RIGGS, *Appellants,* vs. EAST COAST GROCERY COMPANY and FARMERS BANK OF VERO BEACH, *Appellees.*

Division B.
Opinion filed March 3, 1931.

*C. P. Diamond,* for Appellants;

*T. B. Ellis, Jr.* and *Covelle & Mitchell,* for Appellees.

BUFORD, J.—The appeal in this case is from a final decree in which foreclosure was had of two separate mortgages.

East Coast Grocery Company filed bill of complaint to foreclose its mortgage which was dated September 15th, 1922, and filed for record and recorded on September 23rd, 1922, creating a lien on certain lands now in St. Lucie County, Florida. Farmers Bank of Vero Beach was made defendant, the bill alleging that the Bank claimed a lien of some sort on the property, but alleged that such lien was inferior and subordinate to the complainant's mortgage. Farmers Bank of Vero Beach filed its answer, cross bill and counterclaim alleging that it held a mortgage on the same property described

in the complainant's mortgage bearing date of June 14th, 1926, and being recorded on June 14th, 1926. The Bank in its cross bill alleged that its mortgage created a superior and prior lien to that claimed by the complainant, which was a bare allegation of a conclusion supported by no facts alleged in the so-called cross bill and counterclaim. The Bank in its cross bill and counterclaim prayed for the appointment of a Receiver.

Copy of answer, cross bill and counterclaim was served on all parties to the suit. Decree pro confesso was entered against the defendants Riggs as to the complaintiff's bill of complaint and also as to the answer and cross bill of the Bank.

Testimony was taken and a decree entered foreclosing both mortgages, giving priority to the complainant's mortgage. The defendant Riggs appealed.

The contention of appellant is that the court was without authority to foreclose the second mortgage in the main suit filed by the complainant East Coast Grocery Company and relies upon the opinions and judgments of this Court in the case of Dunham vs. Smith, 97 Fla. 386, 120 Sou. 761; Turner vs. Utley, 93 Fla. 910, 112 Sou. 837 and Jackson vs. Dutton, 46 Fla. 513, 35 Sou. 74; to support such contention.

The appellee Farmers Bank of Vero Beach contends that the case at bar is to be differentiated from those cases above referred to because the Bank in its cross bill alleged the conclusion that its mortgage was superior to. that of the complainant East Coast Grocery Company.

We do not think the contention of the Bank tenable. That allegation of conclusions was a fiction of the pleader and had no foundation either in facts alleged or supposed to have existed. In fact, the answer and cross bill

showed upon its face that the lien of the Bank was a second and inferior lien to that of the complainant.

There was no basis for affirmative relief against the complainant alleged in the answer and cross bill and, therefore, there was nothing to take the case out of the rule as enunciated in the opinions and judgments of this Court above referred to.

For the reasons stated the decree should be affirmed insofar as it applies to the mortgage and lien of East Coast Grocery Company, and should be reversed insofar as it decrees the foreclosure of the mortgage of Farmers Bank of Vero Beach and the case should be remanded with directions that the chancellor modify the decree to conform with the views herein expressed and in accordance with the rule as enunciated by this Court in the case of Dunham vs. Smith, supra. It is so ordered.

Reversed in part and remanded.

WHITFIELD, P.J., AND TERRELL, J., concur.

STRUM, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.