HAROLD P. MUNCK v. MANATEE RIVER BANK AND TRUST COMPANY.

165 So. 57.

Opinion Filed November 27, 1935.

Rehearing Denied January 15, 1936.

*W. L. Kimball* and *Mabry, Reaves, Carlton & White,* for Plaintiff in Error;

*Dewey A. Dye,* for Defendant in Error.

TERRELL, J.—In September, 1925, G. L. Stuart, L. F. Vaught, and H. P. Munck, as a partnership of real estate brokers, sold certain lands in Manatee County for Lex J. Kirkpatrick to Century Estates, Inc. Part of the consideration was paid in cash and the balance representing deferred payments secured by a mortgage on the lands was paid in notes. One note for $12,500.00, being a portion of the balance due, was made by Century Estates, Inc., to

Stuart, Vaught, and Munck jointly and represented a part of their commission for making the sale.

The notes were not paid when due, Lex J. Kirkpatrick died, and Lloyd McClure as administrator of his estate brought suit in 1927 to foreclose the mortgage, making Stuart, Vaught, and Munck, with others, parties defendant. By a supplemental bill Manatee River Bank and Trust Company was made a party defendant on the theory that it had acquired the Stuart, Vaught, and Munck note which was secured by the mortgage. .

On final hearing, after the testimony was taken, the chancellor found that Stuart, Vaught, and Munck had assigned their note to Manatee River Bank and Trust Company for a valuable consideration and that the said note constituted a lien on the mortgaged premises superior in dignity to all other claims against them for its payment. That final decree was on appeal affirmed by this Court. McClure v. Century Estates, Inc., 96 Fla. 568, 120 So. 4.

In March, 1929, Munck instituted the present action against Manatee River Bank and Trust Company to recover his one-third interest in the proceeds of the Stuart, Vaught, and Munck note. The declaration was in five counts. Counts three and four were stricken, count one was for money received, count two for money lent, and count five for conversion. The cause went to trial on the general issue to counts one and two and the amended second plea to said counts which in effect alleges that the beneficial rights of the plaintiff and defendant in and to the proceeds of the note in controversy were put in issue and determined in the foreclosure suit of McClure v. Century Estates, Inc., *supra*. A demurrer to this plea was overruled. Replications to it were also held bad on demurrer, but the latter was visited back on and sustained as to the fifth count of

the declaration on the theory that it was "not in fact a suit for conversion of the note, but for the proceeds thereof." At the conclusion of all the testimony a motion for directed verdict in favor of the defendant was granted, a motion for new trial was denied, and final judgment was entered, to which this writ of error was prosecuted.

The fundamental question urged here for determination involves the right of Munck to maintain this action. That question turns on the one of whether or not the right of Munck as against the right of Manatee River Bank and Trust Company in and to the proceeds of the $12,500.00 note was before the court and was adjudicated in the McClure v. Century Estates, Inc., mortgage foreclosure.

The defendant in error contends that this question should be answered in the affirmative and relies primarily on estoppel by judgment and estoppel by conduct to support this contention. At the trial defendant in error introduced in support of its plea of *res adjudicata* the record in the foreclosure suit and then moved for a directed verdict on the ground, (1) that estoppel by judgment had been proven, and (2) that "under the plea of the general issue evidence of *res adjudicata* was admissible and the evidence in the case shows that the merits of it had already been adjudicated between the parties in the mortgage foreclosure. The chancellor was convinced of this view and granted the motion on the ground that he had determined the plea to be proper and that in his opinion the evidence established it.

In our opinion the chancellor was in error in so ruling. The foreclosure suit was brought by the mortgagee, against the mortgagor, to foreclose for the non-payment of the notes representing the deferred payments secured by the mortgage. True, both plaintiff in error and defendant in error were parties defendant in that suit, in which it was decreed

that defendant in error held the note and that it constituted a lien superior in dignity to all other claims against the lands involved in the foreclosure, but the question of whether plaintiff in error had any right or interest in the proceeds of the note or the relation of his claim to it as against that of defendant in error was not before the court and was not adjudicated in that proceeding.

Stated differently, the sole issue in the foreclosure suit of McClure v. Century Estates, Inc., was whether the Stuart, Vaught, and Munck note was of equal dignity with the other notes secured by the mortgage or whether it was of superior dignity and entitled to priority of payment over the notes held by McClure as administrator of the estate of Kirkpatrick. This Court took the latter view and on that issue the interest of Munck and Manatee River Bank and Trust Company was identical. There was no occasion for an accounting between them and the record discloses that Munck did not know that the bank disputed his claim at that time.

The bank's defense of estoppel rests on the theory that the beneficial ownership of the note was in law involved in the foreclosure proceeding and being so was conclusively adjudicated as to all parties interested in it whether made parties defendant or not, yet it is conceded that no issue between Munck and the bank was presented, that Munck was then in a distant state and never saw or read the joint answer signed by Munck, Vaught, and Stuart and filed in the foreclosure suit in which it was alleged that the bank owned the note and on which the final decree was predicated.

The rule is steeled that when a mortgage secures a promissory note executed to a named party the fact that other persons may have an interest in it is immaterial in fore-

closure proceedings as it is not necessary to make them parties in such a suit. Platt v. Miller, 72 Fla. 92, 72 So. 482. Platt v. Miller also accords with the negotiable instruments' law. Courts do not generally inquire into the right of the plaintiff to sue in his own right or in that of a trustee, but the one holding possession is accorded the right to foreclosure. Chestnut v. Robinson, 85 Fla. 87, 95 So. 428. A like rule applies to trustees foreclosing for bondholders. Winer v. Trust Co., 101 Fla. 392, 134 So. 226.

The very purpose of a mortgage foreclosure suit is to enforce the mortgage lien against the title or interest of the mortgagor. It does not concern itself with collateral or other interests or claims' with which complainant has no concern. Dunham v. Smith, 97 Fla. 386, 120 So. 761; Riggs v. East Coast Grocery Co., 101 Fla. 1048, 132 So. 693. Munck and the bank were co-defendants and represented by the same counsel in the mortgage foreclosure brought in question, but the beneficial ownership of the note as between them was not even remotely suggested in that suit and the complainant was in no sense interested in that issue. It was not before the court and on the facts presented could not have been adjudicated.

In refutation of the defense of estoppel by conduct the record discloses' that the note was made to Stuart, Vaught, and Munck jointly and that it was at no time a partnership asset. Stuart and Vaught were indebted to the bank and assigned their interest in the note to the bank to apply on their indebtedness. Munck was not indebted to the bank, but assigned his interest to it at the solicitation of Stuart and the correspondence between them points very strongly to the reasons for Munck's assignment. Munck is seeking in this action to recover one-third of the proceeds of the

note, Stuart and Vaught having gone through bankruptcy and disposed of their interest in it to the bank.

The bank, testified that Munck owed it nothing, that it took the assignment from Stuart and Vaught in settlement of their obligation to it (the bank) and we find nothing to show that Munck made Stuart his agent with power to transfer the assignment to the bank in settlement of his (Stuart's) obligation. Munck testified that he trusted Stuart to deliver his assignment of the note to the bank and take some acknowledgment from it of his ownership or interest in the note to protect him in that right. This testimony is not denied and it is conclusively shown that Stuart, Vaught, and Munck owned the note jointly in equal parts.

The second question urged has reference to a letter from Stuart to Munck asking him (Munck) to make the assignment of his interest in the note to the bank and in the letter of Munck to Stuart returning the executed assignment for delivery to the bank and explaining why it was made. These letters were competent evidence and should have been admitted.

It was also error on the part of the trial court to visit back on the fifth count of the declaration the demurrer to the replication to the pleas to the first and second counts.

It follows that the judgment below must be and is hereby reversed.

Reversed.

WHITFIELD, C. J., and BROWN and BUFORD, J. J., concur.

DAVIS, J., dissents.