SHANNON, Chief Judge.
The appellee-plaintiff began this suit as a foreclosure of a first mortgage against The Reef of Clearwater, Inc., and Alvin Cassel, Individually and as Trustee, and his wife, Ethel Cassel, with various other parties defendant. The Cassels are the sole appellants herein.
Among the parties defendant are various junior mortgagees or junior lienholders. The appellants filed their answer to the complaint, wherein they admitted the superiority of plaintiff’s mortgage to their claim to the mortgaged premises, but they alleged that their claim is superior to any of the other defendants’ claims. In the final decree of foreclosure the chancellor found that the cross-claim sought no relief against the appellee but constituted a claim against any surplus of the sale of the mortgaged premises.
Subsequent to the final decree and prior to the foreclosure sale, Appliance Buyers Credit Corporation filed its motion for leave to intervene as a party defendant and cross-claimant in the cause. In its pleadings, Appliance claims to own by way of lease certain appliances in The Reef and to hold certain other appliances therein under conditional sales contract. Appliance claims to be ahead of plaintiff’s mortgage and the claims of all the defendants.
Appellants Cassel orally joined in the motion to intervene at the hearing thereon. However, the chancellor entered a decree denying the motion of Appliance to intervene. Within the time allowed the Cassels filed their notice of appeal, directing it not only to the final decree of foreclosure but also to the subsequent order denying the *512 motion to intervene by Appliance. In the appeal the appellants raised two points: 1) Was the court in error in ordering the foreclosure sale prior to adjudicating the priority of the claims of the defendants where the sale was held under the provisions of § 702.02, Fla.Stat., F.S.A.? And 2) Did the court err in denying the motion of Appliance to intervene where the intervenor alleged it was the owner of a substantial portion of the plumbing, bathroom fixtures, etc., and its claim was superior to that of not only the appellants herein, but also of the other defendants?
The chancellor ordered the property to be sold pursuant to Sec. 702.02, Fla.Stat., F.S.A., and further provided in his decree that “[t]he defendant, Alvin Cassel, shall be privileged to bid at the foreclosure sale, and if he is the successful bidder, the title he thus acquires to the property sold at the said sale shall be free and clear of all claims, interest, demands, and liens of all of the said defendants, and each of them, excepting Alvin Cassel.” In regard to any surplus or deficiency after sale, the decree states:
“If the total amount realized on the sale exceeds the total of the sums ordered to be paid by Paragraph 7 of this decree, the Clerk shall disburse the surplus as this Court shall hereafter direct; and if the total amount realized shall not be sufficient to pay all of those sums, the Clerk shall pay first those specified in said Paragraphs 7(a), 7(b) and 7(c) in the order listed and shall pay the balance to the plaintiff, and report any deficiency in his Certificate of Disbursements.”
In the same decree the court retained jurisdiction to settle all questions, etc. In his subsequent decree denying motion to intervene the chancellor said, in part:
“That the Clerk of this Court be and he is hereby directed at the sale to be held Wednesday, July 19, 1961, pursuant to the final decree and notice of sale herein, prior to offering the mortgaged property for sale, to make a public announcement of any retained title contracts, conditional sales contracts, or leases purporting to affect personal property contained in the mortgaged property that may be made known to him in writing up to the time of the sale.
“That Jack Yoches, Receiver herein, be and he is hereby directed to advise the Clerk in writing before the sale of any such claims filed with him as such receiver prior to that time. In the public announcement the Clerk shall state in general terms the personal property affected by such alleged claims and state that the validity or invalidity of the claims have not been judicially determined.
“That in view of the nature of the claims of the intervenor and the property it is claiming, the defendant, Alvin Cassel, is orally contending that the matters claimed by the said intervenor should be adjudicated by this Court prior to the foreclosure sale, which contention is overruled by the Court.”
By a line of authority beginning with the case of Jackson v. Dutton, 1903, 46 Fla. 513, 35 So. 74, ending in 1931 with Riggs v. East Coast Grocery Co., 101 Fla. 1048, 132 So. 693, the Supreme Court of Florida has established the rule stated as follows:
“A cross-bill interposed by a second mortgagee who is made a party defendant to a bill to foreclose a first mortgage, not filed in aid of any defense, but to obtain affirmative relief against co-defendants only, by having the surplus expected to be realized at the foreclosure sale under the prior mortgage applied to the payment of the second mortgage, which seeks no relief against the complainant in the original bill, and which fails to allege that there is likely *513 to be a surplus, or that an adjudication in favor of the cross-complainant upon the matter of the crossbill will tend to increase the amount likely to be realized at the sale of the mortgaged property, can not be maintained as against the complainant in the original bill, and his demurrer for want of equity thereto should be sustained.”
Dunham v. Smith, 1929, 97 Fla. 386, 120 So. 761. See also, Blue Heron Land Co. v. Brown, 1930, 98 Fla. 1238, 125 So. 369; and Turner v. Utley, 1927, 93 Fla. 910, 112 So. 837. Although not in point, see also, Tucker v. Crown Corporation, 1938, 136 Fla. 517, 183 So. 740, 741, wherein the court refused to extend the above principle so as to require a junior mortgagee, who is the successful bidder at foreclosure sale, to pay the surplus therefrom into the registry of the court in order to be permitted to raise any question as to the disposition of the surplus fund.
The logic and reasoning behind the above is well stated in Munck v. Manatee River Bank & Trust Co., 1935, 122 Fla. 193, 165 So. 57, wherein the court, through Justice Terrell, said:
“The very purpose of a mortgage foreclosure suit is to enforce the mortgage lien against the title or interest of the mortgagor. It does not concern itself with collateral and other interest or claims with which the complainant has no concern. * * * ”
Research has not disclosed a case decided subsequent to Riggs v. East Coast Grocery Co., supra, wherein the above rule with regard to the maintenance of a cross-claim by junior lienholders, as to priorities between themselves, has been applied.
In this appeal Appellants Cassel assert that with the passage of Sec. 702.02, Fla. Stat., by the legislature in 1953, F.S.A., the above principle, previously promulgated by judicial decision, was abrogated. The language by which the appellant contends the legislature intended to change this rule is contained in subsection (4) of 702.02, which provides that upon the filing of a certificate of title, the clerk shall disburse the proceeds of the sale in accordance with the provisions of the final decree of foreclosure. Appellant urges that this language effectually does away with the earlier procedure whereby junior lienholders and junior mortgagees filed petition, subsequent to sale, for a division of surplus funds. It is noted, however, that by the final decree in the instant case, the chancellor retained jurisdiction for just such a purpose, so that it seems, no rights of appellees were prejudiced in this regard.
Sec. 702.02 is titled “Foreclosure Procedure.” Subsection (1) thereof provides that a copy of the mortgage note and the mortgage shall be attached to the complaint. The balance of the section deals with the foreclosure sale and the procedures following sale. The language of the statute does not seem to preclude the kind of decree entered in the instant case.
The other question relative to the propriety vel non of a cross-claim such as the one involved herein is whether or not the 1954 Florida Rules of Civil Procedure provide for an adjudication of the rights of cross-claiming junior mortgagees and/or junior lienholders in a mortgage foreclosure suit by the first mortgagee.
Prior to October 1, 1961, Rule 1.13(7), Florida Rules of Civil Procedure, 30 F.S.A., provided:
“Any party may state as a cross-claim any claim within the jurisdiction of the court, by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.”
*514 The Supreme Court in In re Amendments to Florida Rules of Civil Procedure 131 So. 2d 475 amended this rule to read:
“Any party may state as a cross-claim any claim within the jurisdiction of the court, by one party against a co-party arising out of the transaction or occurrence that is the subject matter of either of the original action or’ of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all,or part of a claim asserted in the action against the cross-claimant.”
By its opinion, the court made the amendment effective October 1, 1961, and made it applicable to “all cases then pending as well as to those instituted thereafter.” Subsequently, however, in In re Amendments to Florida Rules of Civil Procedure 132 So.2d 6, 7, the Supreme Court “ordered that the amendments to the Florida Rules of Civil Procedure promulgated by the order above described shall become effective on the first day of October, 1961, but shall be applicable only to cases commenced on and after said date.” The above amendment is included in this latter order. Suit in the instant litigation was instituted on May 8, 1961, or prior to the above discussed amendment.
Rule 13(g) of the Federal Rules of Civil Procedure, 28 U.S.C.A., is substantially the same as the present Florida Rule 1.13(7), supra, and the same amendment as discussed above in regard to the Florida Rule was added to the Federal Rule in 1946. The Committee Note of 1946 to amended subdivision (g) of Federal Rule 13, states:
“The amendment is to care for a situation such as where a second mortgagee is made defendant in a foreclosure proceeding and wishes to file a cross-complaint against the mortgagor in order to secure a personal judgment for the indebtedness and foreclose his lien. A claim of this sort by the second mortgagee may not necessarily arise out of the transaction or occurrence that is the subject matter of the original action under the terms of rule 13(g).”
See 3 Moore’s Federal Practice, page 7. Professor Moore states, in Vol. 3, pages 92-93, as follows:
“Under the ‘property’ clause of subdivision (g), a second mortgagee, made defendant in a foreclosure proceeding, may plead a cross-claim against the mortgagor in order to secure a personal judgment for the indebtedness and foreclose his lien. Such a claim may not necessarily arise out of the transaction or occurrence that is the subject matter of the original action, and hence would not have been the proper subject of cross-claim under subdivision (g) as originally drafted. The reference to ‘property that is the subject matter of the original action’ was added by the 1946 amendment to take care of cases such as the one presented.”
It, therefore, seems logical and reasonable to assume that the Florida Supreme Court amended Florida Rule 1.13(7) for the same reasons as those stated in Moore, in view of its former position shown by the rule applied in the earlier cases discussed above. It seems now to be unquestionable that a claim such as the instant one may be pleaded by way of cross-claim and adjudicated in the first mortgagee’s foreclosure suit. It seems equally clear, however, that under the case law and former Rule 1.13(7), such procedure was not provided for.
In point two appellants assert that they were aggrieved when the chancellor denied the motion of Appliance Buyers Corp. for intervention as party defendant after final decree. As noted earlier herein, the appellants orally joined in the motion to intervene. Rule 3.11, subd. a, Florida Ap *515 pellate Rules, 31 F.S.A., reading in part as follows, is relied upon by the appellants:
“Any party who shall feel aggrieved by a final decision, order, judgment or decree may take an appeal and all parties to the cause who are not named as parties appellant shall automatically become parties appellee.”
Before going to the question of the propriety of intervention in this case, a more basic problem may well be noted. The post-decretal order which is drawn into consideration by point two, supra, denied the motion to intervene and directed the clerk below to announce at the sale that certain claims to personalty in the premises were not adjudicated. No appeal was taken by the attempted intervenor, Appliance, and the appellants, Cassel, urge that a decision has to be made in connection with the inter-venor’s claims as to what portions of the property claimed by it are fixtures, in order to free them from intervenor’s claims against Appellee Gulf Life, as well as such defendants who took without notice of the lease and conditional sales agreement. Appellants say generally that they were injured by this order in that its effect was to chill the bidding at the sale by either third parties or by all record parties other than Appellee Gulf Life.
In the case of Gove v. Nautilus Hotel Co., 1914, 68 Fla. 490, 67 So. 112, the Florida Supreme Court stated the rule that “if a final decree is not so joint as to require all the defendants to join in an appeal therefrom, those entering a separate appeal cannot complain of errors only prejudicial to others who refuse to join in the appeal.” Also see Clarkson v. Louderback, Gilbert & Co., 36 Fla. 660, 19 So. 887. Then in the much more recent case of Day v. Norman, Fla.1949, 42 So.2d 273, the Supreme Court had occasion to apply the above rule under Supreme Court Rule 13. There the court stated:
“No appeal has been taken by any other of the several defendants. Consequently, we should not and do not consider the position taken in the court below by any one of them, nor can this appellant assert their rights to a reversal if any should exist. * * *
“Counsel for appellant relies upon Supreme Court Rule No. 13 for his position that the foregoing rule is not applicable in the instant case. His position is not well taken. Said rule is applicable only in an appeal from a joint decree where the appellate court cannot properly review the decree with less than all of the defendants, who are jointly affected, before the court. The decree in this case is not a joint decree and the rights of one of the defendants are in no way dependent upon the rights of any other defendant and, therefore, each should be the subject of a separate appeal. Kooman, Florida Chancery Pleading & Practice, Sec. 171, p. 400. See also 4 C.J.S., Appeal and Error, § 1248, page 1747.”
Rule 3.11, subd. a, Fla.App.Rules, is taken from Sec. 1 of former Rule 13, so that, therefore, decisions under the former are applicable under the present.
On the correctness of the intervention order, it is noted at the outset that Rule 3.4, Rules of Civil Procedure, 31 F.S.A., provides that “[ajnyone claiming an interest in pending litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion.” This rule is identical to Sec. 9 of the 1931 Chancery Act, under which the case of First Nat. Bank of Tampa v. Culbreath, 1940, 144 Fla. 526, 198 So. 199, was decided. The court said:
“While it is true that Section 9, supra, grants authority to the court to make orders allowing intervention on the application of interested parties, the intervention shall be in subordination to and in recognition of the pro *516 priety of the main proceeding and said order of intervention as contemplated must be made and entered during the progress of the case. It was not intended that a Chancellor, in the exercise of discretion granted by Section 9, supra, should permit or allow intervention after the entry of a final decree. See Daugherty v. Latham, 139 Fla. 477, 190 So. 742; Ebersbach Const. Co. v. Charles Ringling Co., 100 Fla. 1270, 131 So. 148; People’s Bank [of Jacksonville] v. Virginia Bridge & Iron Co., 94 Fla. 474, 113 So. 680; Smith v. Elliott, 56 Fla. 849, 47 So. 387.
“In the case of Switow v. Sher, 136 Fla. 284, 186 So. 519, 524, this Court again considered Section 9 of the 1931 Chancery Act and held that the discretion conferred must be exercised by the court ‘at any time during the progress of the case.’ It is fundamental that the progress of the case in the lower court ends when the final decree is entered.’-’
Intervention has been allowed after final decree in certain cases, however, where the ends of justice so require. People’s Bank of Jacksonville v. Virginia Bridge & Iron Co., 1927, 94 Fla. 474, 113 So. 680; and Smith v. Elliott, 1908, 56 Fla. 849, 47 So. 387.
In Morgareidge v. Howey, 1918, 75 Fla. 234, 78 So. 14, the court stated:
“The rule authorizing intervention has been stated as follows:
“ ‘It has generally been held that the interest which will entitle a person to intervene under this provision must be in the matter in litigation, and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment. In other words, the interest must be that created by a claim to the demand in suit or some part thereof, or a claim to, or lien upon, the property or some part thereof, which is the subject of litigation.’ £ * * »
In view of the very purpose of the mortgage foreclosure suit, which does not concern itself with collateral and other interests or claims with which the plaintiff has no concern, it would seem then that the chancellor did not abuse- his discretion in disallowing intervention herein after final decree.
Reversible error not appearing, the decree of the chancellor is affirmed.
Affirmed.
ALLEN, J., and MORROW, R. O., Associate Judge, concur.