PER CURIAM.
This is an appeal from an order on motion for distribution of proceeds of sale entered by the trial court following a mortgage foreclosure.
On October 9, 1979, Ryall Grows, Inc., filed a complaint to foreclose a mortgage alleging as inferior interests the final judgment of General Finance Corporation of Florida, recorded August 17, 1978, the final judgment of Southeast Bank of Sebastian, recorded September 11, 1978, the mortgage *1073 of D.A.D., Inc., recorded September 26, 1978, the final judgment of Fuch Baking Company recorded October 15, 1978, and the final judgment of Willie M. Poole and Alice C. Poole, his wife, recorded December 6, 1978.
'Defendant/appellant, D.A.D., Inc., filed its answer admitting its interest in the property by virtue of the recorded mortgage but denying that interest to be inferi- or to the interest of plaintiff. Answers were also filed by appellees, Fuch Baking Co., Willie M. Poole and Alice C. Poole, his wife, Southeast Bank of Sebastian, and the mortgagor. A default was entered against General Finance Corp. of Florida.
Summary final judgment of foreclosure was entered by the trial court. The judgment included a directive that any proceeds of sale remaining after payment of the sum due plaintiff and all costs of foreclosure were to be retained by the Clerk pending further order of the court. The property was sold and after the first mortgage was satisfied in full and all costs of foreclosure paid, there remained in the registry of the court a surplus of $6,943.81. Appellees, Willie M. Poole and Alice C. Poole, his wife, filed a motion for distribution of proceeds and responses to the motion were filed by appellees, Fuch Baking Co. and Southeast Bank of Sebastian, as well as appellant, D.A.D., Inc., each asserting priority of its lien.
A hearing was held on the motion for distribution of surplus and the responses thereto. Thereafter, the trial court entered its order holding that as between judgment creditors with properly recorded judgments (appellees) and a mortgagee holding an un-foreclosed although earlier recorded mortgage (appellant), the judgment creditors were senior and thus entitled to priority over the appellant’s unforeclosed mortgage.
Prior case law held that the filing of a cross claim for foreclosure by an inferior mortgagee was improper and that the remedy of the junior mortgagee joined as a party defending in the foreclosure of a senior mortgage was after foreclosure and sale when the second mortgagee could have the trial court adjudicate his rights to any surplus proceeds from the sale. Jackson v. Dutton, 46 Fla. 513, 35 So. 74 (1903); Dunham v. Smith, 97 Fla. 386, 120 So. 761 (1929); and Riggs v. East Coast Grocery Co., 101 Fla. 1048, 132 So. 693 (1931). Currently, Florida Rule of Civil Procedure 1.170(g) states:
A pleading may state as a crossclaim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter of either the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. . . .
Appellant contends that this rule is permissive rather than mandatory and that it was not required to foreclose its mortgage by a cross claim in order to assert priority to the surplus funds. While the better practice certainly dictates the filing of a cross claim, we agree with appellant that the rule is permissive. Furthermore, here the parties filed pleadings making priorities to the surplus funds an issue post judgment and the trial court erred in not holding an eviden-tiary hearing to determine these priorities. Although based on the facts of that case, we might not go. as far as the Second District in Schroth v. Cape Coral Bank, 377 So.2d 50 (Fla.2d DCA 1979),[1] we believe that under the facts of this case a similar holding is proper. We reverse and remand to the trial court for an evidentiary hearing to determine priorities.
REVERSED AND REMANDED.
DOWNEY and BERANEK, JJ., and RUTTER, R. WILLIAM, Jr., Associate Judge, concur.

. Having made no appearance in the initial foreclosure action, Schroth made a motion to establish priority in the surplus proceeds which was denied. In reversing, the Second District held that the trial court should have determined the interest of all the parties at an evidentiary hearing.