PATTERSON, Judge.
Irenee Roy, defendant below, appeals from a final summary judgment in favor of Enterprise Building Corporation (Enterprise) in its lien foreclosure action and a final summary judgment in favor of Enterprise on Roy’s counterclaim for mortgage foreclosure. We reverse and remand.
Roy, who markets condominium units in Canada, recorded a first mortgage on property owned by Guthrie-Florida, Inc. (GFI), a condominium developer, at Book 1153, Page 2660 of the Public Records of Manatee County, Florida. The mortgage shows a face amount of two million dollars and lists the mortgagee as Irenee Roy. The payee on the promissory note is also Irenee Roy.
Enterprise is a general contractor. Pursuant to a notice of commencement recorded at Book 1153, Page 2695, Enterprise *342 filed a claim of lien for $1,863,662.60, due for partial construction of the project. Enterprise filed an action to foreclose its lien against GFI, its president, and Roy. In addition to seeking a mechanic’s lien foreclosure against GFI, the complaint asserted counts of breach of an oral contract, breach of an implied contract, misrepresentation, and an equitable lien against Roy. The complaint alleged that Roy advanced “$1 million of the $2 million loan evidenced by the note and mortgage.” It also alleged that Roy’s mortgage was subordinate to Enterprise’s lien because of Roy’s alleged statements and conduct in promising to fund at least two million dollars for the project, but then advancing only one million dollars.
Roy denied that he was obligated to fund the entire construction costs and alleged affirmative defenses that Enterprise’s lien was willfully exaggerated and that the contractor’s final affidavit was fraudulent. Roy also filed a counterclaim to foreclose his mortgage and alleged that he had advanced $1,072,000 under the recorded first mortgage and that his interest was superi- or to that of Enterprise.
At deposition Roy testified that he has a corporation, Enterprises M.I. Roy, Inc. (Roy, Inc.), which he uses to market condominium units in Canada. Roy, Inc. maintained a bank account in Hull, Canada, and Roy individually maintained a bank account in Englewood, Florida, where he had previously marketed units. The current project, Palms of Terra Ceia Bay, involved approximately ninety-four units. Unit purchasers would make a deposit which Roy would deposit in the Canadian account. Roy transferred monies from the Canadian account to his individual Englewood account. From the Englewood account, he transferred funds to his attorney’s trust account. The lawyer made advances under the mortgage loan directly to Enterprise to be used for construction. Roy stopped funding the loan because the owner failed to find another mortgage within ninety days as he had promised to do.
The Senior Vice President of Enterprise testified at deposition that Roy was the driving force behind the project and “Mr. Roy had made all payments through the project to Enterprise.” GFI was awaiting a construction loan that was to close within thirty to sixty days. When the loan was not forthcoming and Enterprise was not being paid, Roy allegedly urged Enterprise not to shut down. Enterprise “tried to crank it down as much as possible” and maintained a “skeleton crew.” Enterprise’s Vice President testified that the amount owed was “approaching a million” or “got up to a million” and later “got to be bigger amounts.”
Enterprise moved for summary judgment against Roy on its mechanics’ lien claim and against Roy on his counterclaim. Enterprise argued that the loan was funded with either corporate funds or trust funds belonging to third parties. Enterprise acknowledged that someone advanced funds, but argued that “we want to be put to the defense by the person who actually loaned the money, not by Mr. Roy.”
Roy argued that Enterprise admitted receiving money from Roy, that there was no allegation that Roy was unauthorized by the depositors to make the loan and that the fact that Roy may be liable to pay the mortgage proceeds to third parties did not destroy the validity of the mortgage. Roy also argued that there was no disproof of the defense that the claim of lien was willfully exaggerated.
On June 14, 1988, the trial court entered an order granting Enterprise’s motion for summary judgment. Roy moved for rehearing which the trial court denied on August 30, 1988. On January 12, 1989, Roy filed a motion for leave to filé an amended and supplemental pleading. At the hearing on the motion Enterprise requested that the court issue a final judgment of foreclosure. The trial court denied Roy’s motion and issued a final judgment of foreclosure on Enterprise’s claim of lien and a final judgment against Roy’s counterclaim. Both judgments indicated that the court determined the mortgage to be “nugatory.” The final judgment of foreclosure on the claim of lien indicated that Enterprise’s lien was superior to that of all *343 defendants and that the total sum due to Enterprise was $1,863,662.60. This timely appeal followed.
The trial court erred in finding Roy’s mortgage nugatory and entering summary judgment in favor of Enterprise on the mechanic’s lien and counterclaim for foreclosure. Enterprise argues that Roy never made the loan which his mortgage was to secure, and therefore the mortgage is invalid. While it is true that there must be a debt to secure the mortgage, Schenck v. Taylor, 188 So.2d 356 (Fla. 1st DCA 1966), the source of the funds is irrelevant in a mortgage foreclosure action. Our supreme court has stated:
The rule is steeled that when a mortgage secures a promissory note executed to a named party the fact that other persons may have an interest in it is immaterial in foreclosure proceedings, as it is not necessary to make them parties in such a suit.
[[Image here]]
The very purpose of a mortgage foreclosure suit is to enforce the mortgage lien against the title or interest of the mortgagor. It does not concern itself with collateral and other interests or claims with which complainant has no concern.
Munck v. Manatee River Bank & Trust Co., 122 Fla. 193, 165 So. 57 (1935) (citations omitted). Enterprise admitted in its complaint that Roy advanced “$1 million of the $2 million loan evidenced by the mortgage.” Whether the money represented corporate funds or purchaser’s deposits does not render the mortgage invalid. The mortgage states that the owner is indebted to the lender in the amount of the note and that the mortgage secures any future advances made by the lender. As Roy argues, the mortgage did not warrant that Roy would own the money advanced free and clear of claims of third parties. It was error to render the summary judgments on the basis that the mortgage was nugatory, when in fact it constitutes a valid first lien on the property, superior to the claim of Enterprise.
We do not reach Roy's remaining points because the result here renders those issues moot.
Reversed and remanded for further proceedings.
RYDER, A.C.J., and THREADGILL, J., concur.