CLERMONT-MINNEOLA COUNTRY CLUB, INC., a corporation, *Appellant,* vs. PERCY T. COUPLAND, et al., Appellees.

143 So. 133.

En Banc.

Opinion filed July 8, 1932.

112

*T. C. Cork,* and *Touchton, Mitchell & Crittenden,* for Appellant;

*J. W. Hunter,* for Appellee.

ANDREWS, Commissioner.—This is a companion case to that of Clermont-Minneola Country Club, Inc. v. Loblaw, et al, filed this term wherein the appeal was taken from a final decree of the Circuit Court of Lake County in a *mortgage foreclosure* between the same parties, and as the issues are kindred and similar, attention is here directed to the pleadings and facts involved in that case given in the opinion as bearing upon the instant case.

The appeal in the instant case involves a *tax deed foreclosure* on the same property instituted by the same Complainant against the same Defendants while the appeal is from *an order* of the same Circuit Court *denying* a motion of complainant (Appellant herein) *to strike* the answer of Defendant, Consolidated Paving Company (Appellee herein).

A restatement of some of the facts involved in the mortgage foreclosure case, in connection with some of the facts in the instant case, appears necessary here in order to understand all the issues involved. They are in substance as follows:

Mrs. Ella M. Johnston, a married woman, purchased certain land in Lake County (subject-matter of this suit) as her separate property and as grantee in her deed she assumed and agreed to pay as part of the "purchase price" a certain outstanding first mortgage held by C. H. Wilson and wife covering the same property; subsequently, while owner and in possession, Mrs. Johnston, joined by her

husband, gave to the Appellee, Consolidated Paving Company (then the Cox-Bryson Paving Company) a written contract for constructing paving through the said property, in which there is contained a covenant which constitutes said contract a lien against said property of the "same force and effect as a second mortgage deed;" that after the paving was completed and approved, Mrs. Johnston joined by her husband, conveyed the property to Percy T. Coupland and wife from whom she collected the initial cash payment and later received full payment of her total equity by foreclosure of a "second mortgage" given to her by said Coupland and wife as part of the purchase price, and in said deed said Coupland and wife also covenanted to pay the first mortgage and the paving lien of the Consolidated Paving Company, one of the Defendants herein; that T. P. Loblaw, of Canada, was the purchaser at the sale under the second mortgage foreclosure, but he appears to have taken no part in either of the instant cases. It further appears that after Mrs. Johnston had conveyed the premises, and after she had been made a free dealer, she purchased tax certificates covering most of said property which were converted into tax deeds to Complainant and are here being foreclosed; that Mrs. Johnston personally furnished the funds with which the certificates were purchased, but the title to said tax-deeds were taken in the name of the corporation, Appellant here, as she had before done when she took an assignment of the first mortgage; that pending the consideration of the bill to foreclose the said first mortgage, the same complainant filed the bill in the instant case to foreclose said tax deeds in which there is likewise a prayer for a decree of superiority of said tax deeds over the paving mortgage liens of the said Consolidated Paving Company executed by Mr. and Mrs. Johnston and her husband while she was owner and in possession, also a prayer that Defendants be given a reasonable time within which to pay said tax lien or be

"forever foreclosed." To this tax foreclosure bill the said Paving Company filed its answer and set up by way of counter-claim the amount still due on the said paving contract secured by said paving lien which defendant avers had become a superior lien as the mortgage and tax deeds being foreclosed by Complainant had merged in Mrs. Johnston, also avers that said corporation was organized as a subterfuge to defeat said Defendant's lien; and it is argued that Complainant could not in equity be considered in the status of a third party. The answer also contains a prayer that the lien of defendant paving company be adjudged superior in dignity to the tax deeds of complainant corporation, and that the Court decree that the amounts of money so paid by Complainant for said tax certificates, tax deeds and costs be decreed to be funds paid for the protection of the interests of both complainant and defendant, and that defendant be dismissed with its reasonable costs.

The only assignment of error presented in the instant case for review, is whether or not the trial court committed error in denying the motion to strike that portion of the Defendant's answer setting up the cross claim.

Under the above assignment Appellant contends: (1st) that the affirmative matters set up by the defendant paving company are not such as are allowed to be interposed as a counter-claim in a foreclosure of the said tax deeds; (2nd) that the said tax deeds being foreclosed are superior liens to that of defendant, and (3rd) that if the paving lien is a proper subject-matter of a counter-claim, that Mr. and Mrs. Johnston are necessary parties defendant thereto and must be served with process. The question also arises as to what are the rights of the complainant who holds *at the same time* the tax deeds and the said first mortgage covering the same premises, both of which Mrs. Johnston as grantee in her deed agreed to pay, and is now through her own corporation separately foreclosing as against the said

paving company whose lien has the "same force and effect as a second mortgage."

As to the first question there could scarcely be any doubt that the counter-claim contained in defendant's answer may be properly interposed under Section 4906 (3120) C. G. L. 1927, which provides that any such counter-claim may be so interposed when it arises out of the same transaction which is the subject matter of the suit or where it constitutes the subject matter of an independent suit in equity against Complainant touching the same property.

The bill of complaint in terms seeks to have defendant's mortgage lien for paving declared inferior to complainant's tax lien by forever foreclosing same upon failure or refusal of defendant to pay in full the amount set up as a prior lien upon said premises. The answer is in response to that allegation, and undertakes to show why Defendant's lien should not be adjudged inferior by showing that Mrs. Johnston, who is in fact, if not in name, the Clermont-Minneola Country Club, Inc., had only paid the taxes which she had by covenant obligated herself to pay when she bought the property and when she executed defendant's mortgage lien to secure the cost of the paving, and by so doing also protected her own mortgage lien. The matter set up in the answer not only arose out of the subject-matter of the original bill, but was connected with and made an issue by complainant's bill, and therefore constituted a proper subject matter for equitable counter-claim. See Turner, et al., vs. Utley, et al., 93 Fla. 910, 112 So. 837; Lovett v. Lovett, 93 Fla. 611, 112 So. 768; Gentry-Futch Co. v. Gentry, 90 Fla. 595, 106 So. 473; Levitt v. Axelson 102 Fla. 233, 135 So. 553; Tilton v. Horton, 103 Fla. 497, 137 So. 801.

In reference to the second contention of appellant it will be observed that in the said mortgage foreclosure we held that the assignment of the first mortgage to the Clermont

Minneola Country Club, Inc., which Mrs. Johnston had apparently organized for the purpose of taking title to the said mortgage which she had agreed in her deed as grantee to assume and pay as part of the "purchase price," that under the circumstances there presented that such assignment had the effect of satisfying said mortgage *in so far as the lien mortgage for paving was concerned,* thus causing the defendant's paving mortgage lien to become superior to that of Complainant's. This necessarily has a material bearing upon Appellee's status in the instant case.

In the mortgage foreclosure suit it was admitted by Mrs. Johnston that she had furnished the money to purchase said first mortgage, also admitted organizing the corporation (Appellant) for the purpose of taking title to said first mortgage assignment also the tax deeds covering the said property. Under such admitted facts, together with the allegations contained in the counter-claim and evidence taken in support thereof, the general results would be the same as if Mrs. Johnston had taken the title to the mortgage *in her own name.* For, as a matter of equity, if Mrs. Johnston could not take title to said first mortgage in her own name, and thereupon bring suit to foreclose same *as against the lien of the paving company,* she could not do so by using the name of a corporation that she organized apparently for that purpose. See 26 R. C. L., 1214, Sec. 57; Forrester v. Watts, 73 Fla. 514, 74 So. 519; Quinn v. Phipps, 93 Fla. 805, 113 So. 416. The same rule would apply to the tax certificates and deeds being foreclosed in the instant case, as they were likewise purchased by Mrs. Johnston with her own money with the title being taken in the name of the same corporation.

Section 5750 (3847) Compiled General Laws, 1927, provides that:

"Any person who has a lien by mortgage or otherwise upon lands sold for taxes may, within the time allowed by law for redemption, redeem such lands, and

the receipt of the officer authorized to receive the amount paid for redemption money shall entitle the lien holder to collect the said amount, with interest at the rate of ten per centum per annum, as a part of and in the same manner as the amount secured by his original lien."

If Complainant had desired she could have included her claim for taxes in her mortgage foreclosure suit.

In the case of Jackson v. Relf, 26 Fla. 465, 8 So. 184, it was held that where there was a purchase of the mortgaged estate at a tax sale by the mortgagee the amount so paid "should be allowed the mortgagee in his foreclosure suit." By the same analogy, if the assignee who stands in the mortgagee's shoes, purchases outstanding tax certificates to protect her mortgage, the amount could be allowed the assignee in her foreclosure sale; in fact under her former purchase she as grantee agreed to pay the first mortgage *which included taxes.*

There can be no question that under Section 894 and 896, Compiled Gen. Laws, 1927, taxes lawfully imposed upon real property creates a lien thereon superior to all others and remains in full force and effect until discharged. Our statutes also provide that it shall be the duty of masters in chancery to pay from the proceeds of all foreclosure sales, all taxes, state, county and municipal, also to redeem any tax certificate outstanding against said property, after paying all costs of foreclosure. Sec. 954 C. G. L. 1927; Sec. 1, Chapter 10285, Acts of 1925.

In the excellent authority of Jones on Mortgages, the rule is stated that "If delinquent taxes are paid out of the proceeds of a foreclosure sale by order of the Court, and the tax title is assigned to the purchaser, such assignment does not create in the purchaser a title paramount to that of a junior mortgagee whose rights are not cut off by the foreclosure sale." 2 Jones on Mortgages (Seventh Ed.) Sec. 680.

Under Sec. 23 Chap. 14572, Laws of 1929, as amending

Sec. 779, Rev. Gen. Statutes, 1920, (Sec. 1003 R. G. S. 1927), where a tax deed foreclosure suit is instituted and a final decree is entered "such decree shall have the force and effect of a decree foreclosing a mortgage on real estate."

Therefore, the Paving Company having been made a party to this foreclosure, its lien would ordinarily be shut out and its equity under its contract lien concluded upon its failure to pay or redeem such tax certificates, *unless*, under all the facts and circumstances, the paving mortgage of appellee may properly remain undisturbed upon the equitable theory that in the purchase of the tax certificates and taking deeds thereon the taxes have been paid by the complainant whose duty it was to so pay them;.

The general rule is that in the absence of a covenant to that effect no legal duty devolves upon a senior mortgagee to pay the taxes on premises for the protection of a junior mortgagee; however, when a senior mortgagee so pays taxes for the protection of the property, he is entitled, as against both the mortgagor and a junior incumbrancer, to reimbursement for the sum so paid and it should be allowed in the mortgage foreclosure decree, out of the proceeds of the foreclosure sale. Jackson v. Relf, et al., supra; 41 C. J., 640-641. This court has also in substance held that the mortgagor or *his grantee* cannot defeat the lien of a mortgage by acquiring a tax title thereto pursuant to a sale for taxes which it was their duty to pay. Jordan v. Sayre, 29 Fla. 110; 10 So. 823; 2 Jones on Mortgages (7th Ed.) Sec. 680.

This Court having held in the companion case that the acts of the same Complainant caused the first mortgage assignment to become inferior in dignity to that of the Appellee's paving lien mortgage, and also held in the case of Gorton v. Payne, 18 Fla. 117, that a second mortgagee cannot set up a tax title as against a prior mortgagee, we

must assume that by analogy Mrs. Johnston could not set up her tax deeds as against defendant Paving Company especially where it is shown that she undertakes to bar said defendant's mortgage lien which she executed, by foreclosing tax deeds based upon taxes she was under obligations to pay at the time of executing Defendant's paving lien, and later paid to protect the first mortgage "assigned" to her (corporation).

While there can be no question that until paid all valid liens for taxes are superior to any mortgage and may in proper procedure be paid first out of any funds derived from a sale under foreclosure, yet under the circumstances of this case where it is shown that the same Complainant holds not only the first mortgage which she had assumed and agreed to pay but a tax deed based upon delinquent taxes which she likewise had agreed to pay, both of which she is undertaking to foreclose in separate suits as against said second mortgage lien executed by her, we are of the opinion that while such tax, until paid would stand superior in dignity to the lien of defendant, yet upon being paid by her whose duty it was to pay them in the first instance, or paid to protect the mortgage assigned to her, such tax thereupon ceased to be a superior lien upon the property as against that of appellee's mortgage. It is also the general rule, as between a first and second mortgage, that it becomes the duty of each mortgagee to pay the taxes when the person primarily liable therefor fails, and if either pays the taxes he is entitled to reimbursement, and the authorities generally hold that the presumption of law is that the party purchasing or redeeming tax certificates does so for the protection of his own interest. See 3 Cooley on Taxation (4th Ed.) Sec. 1263, also 2 Jones on Mortgages (7th Ed.) Sec. 714.

Where the holder of a mortgage (whether as assignee or mortgagee) files foreclosure proceedings, the statutes au-

thorize him to include as part of the debt secured any amount expended for taxes on the property, and if he does not the Statute authorizes the Court in proper procedure to provide in the final decree for the payment of such taxes, out of the proceeds of the foreclosure sale after paying all costs. In this way the Court may settle and dispose of all such liens in one suit. Likewise, where an assignee of a mortgage who as once owner of the premises agreed to pay said mortgage including the taxes, subsequently purchases outstanding tax certificates on the premises, the said certificates cease to be a lien on said land, even when converted into tax deeds by the owner of said mortgage; and the owner would not be permitted in equity to foreclose said deeds against the equity of a mortgage or contract held by him on the same property previously executed by the same Complainant while owner of the property. The Complainant having thus acquired a tax deed to the property must, under the circumstances of this case, hold same subject to the appellee's mortgage lien for the improvements which complainant had agreed in writing to pay.

Finally the Appellant contends that if the paving lien claim is a proper subject-matter of counter-claim, that Mr. and Mrs. Johnston become necessary parties thereto and jurisdiction could have only been obtained by service of process on them.

Under section 4909 (3123) C. G. L., 1927, if a Defendant files a counter-claim for affirmative relief, he may require that persons "not then parties to the suit" be brought in as parties to the cause and shall be entitled to process to bring in such other persons as Defendants to such counter-claim. In the instant case the Defendant has not asked for process to be served upon Mr. and Mrs. Johnston personally, but, as in the mortgage foreclosure case, the defendant has taken the position that Mr. and Mrs. Johnston,

under the circumstances of both cases, are the real persons at interest, and are in court, in that the corporation is a subterfuge organized and used in an attempt to prevent a merger of the title to the first mortgage and the tax deeds. This position we think is correct, and it was, therefore, not necessary in order to obtain jurisdiction to have new process issued to Mr. and Mrs. Johnston in relation to the counter-claim.

Finding no reversible error the order of the trial court overruling the demurrer and denying the motion to strike the answer of defendant be and the same is hereby affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the order of the court below overruling the demurrer and denying the motion to strike the answer of defendant be, and the same is hereby, affirmed.

BUFORD, C.J., AND WHITFIELD, TERRELL, BROWN AND DAVIS, J.J., concur.

ELLIS, J., not participating.