First National Bank of Bradenton, both as Trustee and
Individually, *et al.,* v. Fred H. Albee.

169 So. 613.
Opinion Filed August 6, 1936.

*W. L. Kimball,* for Appellants;
*Williams & Dart,* for Appellee.

Per Curiam.—In a suit begun February 19, 1935, under
Chapter 14572, Acts of 1929, Section 1003 (1), *et seq.,*
1934 and 1936 Supp. to C. G. L., it is alleged that the plain-
tiff, Fred H. Albee, is the legal owner and holder by pur-
chase of certain described tax sale certificates issued by the
tax collector of Sarasota County, Florida, for the unpaid
taxes upon described land assessed for the years 1927, 1928,
1929, 1930 and 1931; that the defendant Hitchings is the
owner of the legal title to the land; "that the First National
Bank of Bradenton, a corporation, as Trustee, holds a mort-
gage on said property for the benefit of Venice-Nokomis
Bank, Venice, Florida, and First National Bank of Bra-
denton, Florida. That said mortgage is dated October 19,
1929, and is recorded in Mortgage Book 63, Page 598, Pub-
lic Records, Sarasota County, Florida; that the said mort-

gage secures the sum of $11,114.21 of which First National Bank of Bradenton is the owner of three notes secured thereby each in the amount of $1,500.00 signed by C. E. Hitchings in favor of First National Bank of Bradenton; that the plaintiff is the owner of the other two notes secured by said mortgage, one note for $3,614.21 dated August 22, 1929, one note for $3,000.00 dated September 1st, 1929, both of said notes signed by C. E. Hitchings in favor of Venice-Nokomis Bank payable sixty days after date with interest after date at the rate of 8% per annum until paid; that he acquired said notes by purchase from Venice-Nokomis Bank. * * *

"That the lien of said mortgage on the lands therein and herein referred to and described is inferior and subordinate to the rights and lien of plaintiff under and by virtue of his said tax liens herein sought to be foreclosed."

Plaintiff prayed:

"1. That the defendants named in this bill of complaint be required to answer this bill but not under oath, answer under oath being hereby waived.

"2. That an accounting be taken of the amount due plaintiff for principal, interest, costs, including attorneys' fees, as herein set forth and declared upon.

"3. That when the amounts so declared are ascertained, they may be declared to be liens upon the said land as set forth and described in the bill of complaint and that said liens be declared to be superior to the rights of all the defendants named herein.

"4. That the said defendants or some of them be required to pay said amounts of money so found to be due plaintiff under and by virtue of his tax liens herein sought to be foreclosed, by a short day to be fixed by the court or else that each and all of said defendants and all persons

claiming by, through or under them or any of them since the commencement of this suit be forever barred and foreclosed of all equity of redemption in and to said premises;

"5. That in default in the payment of the moneys so found to be due plaintiff that the said premises be sold by a special master appointed by the Court to satisfy said decree in accordance with the practice of this Court."

The court denied motions to dismiss the bill of complaint and defendants appealed.

Chapter 14572, Acts of 1929, Section 1003 (1) *et seq.,* 1936 Perm. Supp. to C. G. L., does not contemplate that the holder of tax sale certificates, who is also holder of notes secured by a mortgage on the property covered by the said tax sale certificates, by foreclosure of the tax sale certificates under the statute may in effect foreclose the mortgage for the benefit of the tax certificate holder. Such holder may foreclose the mortgage and be reimbursed for the expense incurred in the acquisition of the tax certificates for protection of mortgage lien held by him. See Sec. 5750 (384) C. G. L.; Clermont-Minneola Country Club, Inc., v. Coupland, 106 Fla. 111, 143 So. 133.

Reversed.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.