A. E. HOLLOWAY, *et ux.*, v. W. L. SEWELL.

191 So. 825
Division A
Opinion Filed November 10, 1939

*John Ziegler,* for Appellants;
*Willis Sherill,* for Appellee.

THOMAS, J.—The bill of complaint, filed by the complainant in the circuit court to foreclose a mortgage, alleged, and the answer admitted, that the defendant executed and delivered the note, and the mortgage to secure it containing stipulations for the payment of interest installments, insurance premiums, taxes and attorney's fees.

It was charged and denied that there had been failure on the part of the mortgagor to pay taxes for the years 1926 to 1937, to meet the interest payments as they became due and to keep the property insured.

We have given in condensed form those parts of the bill and answer which give rise to the phases of the litigation presented in this appeal.

The parties by their counsel agreeing, testimony was heard before the court and the items of indebtedness established, exclusive of the principal, were: Interest, insurance to June 27, 1939, taxes from 1926 to 1938 and attorney's fees. It is important to note here that the mortgage was dated November 1, 1936, the bill was filed July 5, 1938, and the decree was entered September 16, 1938.

The testimony reflects that after the cause was at issue on bill and answer and after agreement of counsel with reference to submission of the controversy on final hearing, complainant purchased, of the holder, State and county tax certificates for which he paid the amount shown in the final decree as part of the indebtedness due under the mortgage.

The evidence also shows that he redeemed city tax sale certificates for the years 1926 to 1936, paid money to the

city for tax sale certificates for the years 1931 to 1937 and discharged a special assessment lien all on the same date, September 15, 1938. These items are likewise included in the final decree.

Appellant's first criticism of the final decree is that it enhanced the debt due under the mortgage to the extent of the expenditures by the complainant for taxes and tax certificates after the cause was at issue. In this we think his position is sound. Under the 1931 Chancery Act the procedure is made plain in this language: "Facts occurring after the institution of the suit, if introduced by amendment, may be used in support of the equity of the bill." Clearly when the defendants took issue with the allegations of the bill there was no amount due the complainant for expenditures by him for taxes although there was an obligation on the part of the mortgagor to pay them. The property could have been sold by the master subject to the taxes (see, State ex rel. East Shore Co., et al., v. Thomas, Circuit Judge, 104 Fla. 501, 142 South. Rep. 240), but if complainant desired to do so, he had the right to pay them and could have availed himself of it at any time. Delaying until the filing of his bill and his adversary's reply, he should have introduced these debits by amendment. That the certificates or some of them were purchased by the mortgagee instead of being cancelled or redeemed is not important.

The complainant was entitled to recover in the suit taxes paid by him (Jackson v. Relf, 26 Fla. 465, 8 South. Rep. 184) or recover certificates acquired to protect his lien (First National Bank of Bradenton v. Albee, 125 Fla. 171, 169 South. Rep. 613; Clearmont-Minneola Country Club, Inc., v. Coupland, 106 Fla. 111, 143 South. Rep. 133).

A part of the amount found to be due and required to be paid if the defendants redeemed represented an insurance

premium paid by the mortgagee after the bill was filed and covering a period expiring June 27, 1939, although, as we have pointed out, the decree was recorded September 16, the preceding year, and the master's report was confirmed October 4 of the same year. Two-thirds of the insurance premium was unearned at the time of decree and confirmation.

The defendants should have been credited with the amount of this unearned premium at the time the sale to complainant was confirmed. Thus the mortgagors and mortgagee would have been benefited by protection of the mortgaged property. If redeemed there could be no further question of the debt and if the property passed beyond redemption the mortgagors would not have been responsible for any expenditure for further protection.

Right of redemption may be exercised at any time before the court places its stamp of approval on the sale of the master by the entry of the order confirming the report.

Appellants urge that the chancellor committed error in fixing a fee for the attorney who represented complainant in the suit without proof of the reasonableness of the amount. The necessity for such testimony and the appearance of it in the record was established in Long v. Herrick, 26 Fla. 356, 8 South. Rep. 50; however, Section 45 of the 1931 Chancery Act provides that evidence may be taken "orally before the court" and, "When testimony is taken before the court, the testimony shall, upon motion of either party, or upon order of the court, be taken down in writing and filed in the cause."

Obviously, then, in the absence of a request for it, there was no duty on the part of the court to see that a transcript of the testimony introduced before him at the final hearing was filed in the cause. The record does not show any

motion therefor and the court did not deem it necessary. That oral testimony was in fact considered is the inescapable deduction from the language of the decree which recited that the court heard "the testimony offered herein, and examined the pleadings, evidence and proofs submitted * * *." Under the statutory authority and in view of the usual presumption that the chancellor is correct in his rulings, the position of appellants on this subject is not well founded.

For the reasons given the decree is reversed.

So ordered.

TERRELL, C. J., and BUFORD, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.