**ARTHUR H. BIE and JENNIE BIE, his wife, v. EFFIE M. HULET, a widow, and HELEN M. DENISON, a widow.**

5 So. (2nd) 457            Division A
January 2, 1942

Gedney, Johnson & Lilienthal, for appellants.

Earnest, Lewis & Smith, for Appellee Effie M. Hulet and McCoy & Love for Appellee Helen M. Denison.

BUFORD, J.:

This is the second appearance of this case here. See Hulet v. Denison, et al., 146 Fla. 478, 1 Sou. (2nd) 467.

On the going down of the mandate, appellants, with consent of the court, filed counterclaim for the aggregate amount which they alleged they had paid in taxes on the property and prayed that the payment of taxes

be adjudicated a lien in favor of claimants superior in dignity to the lien of the mortgage sought to be foreclosed.

On motion, the counterclaim was dismissed.

Claimants now seek review by certiorari under our Rule 34 of the order dismissing counter claim.

Under our holding on review, supra, the counter-claimants stood in the shoes of the mortgagor and held title subject to the mortgage. That status was definitely adjudicated and settled by our opinion and judgment, supra.

It was the duty of the mortgagor and his successors in title to pay the taxes.

If the mortgagee had paid the taxes to protect the lien of the mortgage, she would have become entitled to add the amount of taxes to the mortgage debt and recover the aggregate amount of the debt plus the amount paid for taxes. See Jackson v. Reif, 26 Fla. 465, 8 Sou. 184; Clermont-Mineola Country Club v. Coupland, 106 Fla. 111, 143 Sou. 133-137.

The payment of taxes is the primary obligation of the title holder and the title holder may not shift that obligation to a mortgagee without the consent of the mortgagee. See authorities cited, supra, and also Smith v. Feltner, 259 Ky. 833, 83 S. W. (2nd) 506.

The owners, having paid the taxes, may redeem by paying the mortgage debt and costs. If the taxes had not been paid, the owner could redeem with the property remaining subject to the tax lien. If the mortgagee had paid the taxes owner would be required to pay the mortgage debt and costs, plus the amount of the taxes so paid.

So the counterclaim is without equity and was properly dismissed.

Certiorari granted and quashed.

So ordered.

BROWN, C. J., WHITFIELD, and ADAMS, JJ., concur.