WALDEN, Judge.
This appeal concerns problems that cropped up during the course of a mortgage foreclosure of real property. The *600 background recitals are tedious. However, they are necessary as a basis for our ultimate decision to reverse the order here questioned.
The dispositive question is whether the mortgagor-owners of the real property, being foreclosed, were entitled to have their tender accepted on the ground that their right of equitable redemption had not yet been extinguished.
There are three parties or interests basically involved. They are:
1. The property owners and mortgagors, Dock Roberts and wife.
2. The mortgagee, J. I. Kislak Mortgage Corporation of Florida.
3. The purchaser at foreclosure sale, Robbins.
The Roberts being delinquent, Kislak sued to foreclose its mortgage. A default and judgment of foreclosure against the Roberts were duly entered. The property was ordered to be sold at public sale in the usual way on September 22, 1969.
Kislak did not attend the sale. At the appointed time the Clerk knocked the property down to Robbins, a casual bidder and total stranger to the parties and the transaction, for the nominal bid and sum of $100.00. At that time the mortgage indebtedness, including attorney fees, interest and costs, was in the sum of $12,154.97, and the value of the property was at least that or likely more.
On September 24, 1969, Kislak made a detailed motion to vacate the sale based upon inequity and its inadvertence and excusable neglect in failing to attend the sale.
On September 25, 1969, the trial court entered an order which is critical to the disposition of this appeal.
“ORDERED AND ADJUDGED that all further action on this matter shall be stayed pending •a final disposition of Plaintiffs Motion and the Clerk of Court is hereby Ordered to withhold Certificate of Sale and issuance of Certificate of Title until further Ordered by this Co%irt.” (Emphasis added.)
On October 2, 1969, the trial court merely ordered “that said motion is hereby denied” (referring to Kislak’s motion to vacate, etc., of September 24, 1969). It is interesting to note that this order did not lift or vacate its order to the Clerk directing that the Certificate of Sale and Title be withheld pending further order of the court. Further, as a matter of procedure it could not be said that this order was “final” until the time for Kislak to file its motion for rehearing had expired or if filed disposed of. F.R.C.P. 1.530, 31 F.S.A. Kippy Corporation v. Colburn, Fla.1965, 177 So.2d 193.
On October 2, 1969, the Clerk, regardless of the foregoing and the judicial restriction, issued a Certificate of Title to Robbins.
Kislak filed a timely motion for rehearing addressed to the order of October 2, 1969, which had denied the motion to vacate.
On October 9, 1969, the trial court reserved ruling on Kislak’s motion for rehearing and specifically “ORDERED that M. I. ROBBINS be, and he is hereby enjoined from transferring, or assigning the Certificate of Title issued in these proceedings by the Clerk of Court on the 2nd day of October, 1969 until ten days from the date of the Court’s entry of its Ruling on the Plaintiff’s pending Motion for Rehearing.”
On October 10, 1969, the trial court denied Kislak’s motion for rehearing and went on to provide, “IT IS FURTHER ORDERED AND ADJUDGED that the Order to stay proceedings in this matter entered by this Court on the 9th day of October, 1969, remain in full force and effect until appeal period runs in this cause.”
Kislak duly appealed the court’s order of October 2, 1969, which had denied its motion to vacate.
*601 On October 23, 1969, supersedeas was granted.
On July 13, 1970, the order was affirmed by this appellate court and the mandate issued on September 18, 1970. J. I. Kislak Mortgage Corporation of Florida v. Roberts, Fla.App.1970, 239 So.2d 89.
On September 24, 1970, the Roberts filed a motion for tender and equitable redemption.
On October 30, 1970, the trial court entered the order which is the subject of the present appeal. The order denied the Roberts’ motion for tender and specifically recited as a basis for the ruling:
“[t]he Court finds that the Certificate of Title, having been issued on October 3, 1969 and affirmed by Order of October 9, 1969, that the right of equitable redemption has passed; therefore the Court lacks jurisdiction . . . ”
The lead case authority on redemption is Rosen v. Hunter, Fla.App.1969, 227 So.2d 689.
“ . . . Moreover, it must first be noted that the right to redemption is an inherent incident to any mortgage. Quinn Plumbing Company v. New Miami Shores Corporation, 100 Fla. 413, 129 So. 690; 73 A.L.R. 600. In the case of Van Huss v. Prudential Insurance Company of America, 123 Fla. 20, 165 So. 896, the court therein held that where a foreclosure judgment does not state a particular period in which the mortgage indebtedness must be satisfied, the privilege of redemption hy the mortgagor of his equity in the property may be exercised as a matter of right at any time prior to the issuance of the master’s deed to the ptirchaser at a foreclosure sale, unless the court should by its further decree otherwise specifically direct.
“The above holding was further confirmed in the case of Holloway v. Sewell, 140 Fla. 464, 191 So. 825, wherein the court held that the right of redemption may be exercised at any time before the chancellor places his stamp of approval on the actual foreclosure sale, which approval is generally done by the entry of the order confirming the master’s report of the foreclosure sale.” (Emphasis added.)
Applying this to our facts, we must determine if Roberts’ tender was timely. More particularly, was it presented prior to the issuance of the certificate of title and prior to the trial court’s approval of the sale?
We are persuaded that the tender was timely and should have been accepted. As above relfected, the only certificate of title was issued on October 3, 1969. We are of the opinion that its issuance was ineffectual and that it should be treated as a nullity for two reasons:
1. It was issued in violation of the court’s order of September 25, 1969, which directed the Clerk to withhold issuance of the Certificate until further order of the Court — and the Court never thereafter ordered its issuance.
2. That same order of September 25, 1969, directed that all action be stayed pending a final disposition of plaintiff’s motion. Without re-laboring and rechron-icling the events, it is manifest that Kislak’s motion did not receive final disposition until the mandate of this court was issued in Kislak’s appeal on September 18, 1970. The certificate was issued on October 3, 1969, without regard to this stay order, and there has been no certificate issued between the time the order became final and the proffer of the Roberts’ tender.
The court’s order and findings of October 30, 1970, disregard. and are in conflict with its earlier orders. We opine that the trial court was required to honor and enforce its own orders and to require others to do so in the interest of stability and orderliness. Thus, the litigants had a right to expect that the order of September 25, 1969, meant what it said and that the court *602 and those involved would follow and enforce its terms. Had this been done the certificate of sale and title could and would have been issued only after the final disposition of the motion which was when 'this court finally issued its mandate on September 18, 1970, and then only per specific order of the trial court. Perhaps redundantly and in the criteria of the Rosen case, supra, it is manifest in the absence of the foregoing acts that the title had not yet been delivered to Robbins at the time of the tender and the trial court had not yet completed its labor and placed its stamp of approval on the transaction.
Now, somewhat as a sidelight, the appeal brought by Kislak reported as J. I. Kislak Mortgage Corporation of Florida v. Roberts, supra, did in nowise establish the law of the case or give rise to any notions of res judicata or estoppel. That- appeal concerned the merit of Kislak’s motion to vacate — whether the trial court should have vacated the sale because of the inadequate purchase price bid by Robbins, and because of the neglect and inadvertence of Kislak’s counsel in failing to attend the sale. The instant appeal deals with the new question of the property owners’ right to tender and the exercise of their right of equitable redemption. The protagonists and the legal issues and facts attendant thereto are different in the two appeals. 19 Fla. Jur., Judgments and Decrees, §§ 100-106.
If there are doubts as to the proper outcome of this appeal, and we have none, we suggest that such doubts and equities must be resolved in favor of the property owner and against the stranger, a casual bidder, who by a gross combination of error and happenstance was the successful bidder at the foreclosure sale to the end that he now stands on the brink of acquiring realty worth about $14,000 for a paltry bid of $100. Such a windfall should not be sanctioned at the owners’ expense. Not only would a contrary result deprive the Roberts of their property, it would expose them to possible liability for a deficiency judgment. Rules and procedures, while important, should not receive priority over substance and manifest justice. See 12 Fla.Jur., Equity, § 49 et seq.
The appealed order is reversed and the case remanded with respectful instructions to recognize and accept the Roberts’ tender according to the principles of equitable redemption.
Reversed and remanded.
ADAMS, ALTO, Associate Judge, concurs.
CROSS, J., dissents with opinion.