286 So.2d 275 (1973)
Morris WALTERS and Joice Walters, His Wife, Appellants,
v.
Lawrence F. GALLMAN and Patricia J. Gallman, His Wife, Appellees.
No. 73-539.
District Court of Appeal of Florida, Fourth District.
December 14, 1973.
Nathan Loeb, Orlando, for appellants.
William J. Smith, Orlando, for appellees.
MAGER, Judge.
The facts pertinent to the disposition of this appeal reflect that defendants, subsequent to the foreclosure sale of their property pursuant to a judgment of foreclosure and within ten days after the filing of a certificate of sale but prior to the issuance of a certificate of title, filed objections to said foreclosure sale and sought to exercise their right of redemption. From an order overruling defendants' objections to the sale and the issuance of a certificate of title (and in effect precluding the exercise of the right of redemption) this appeal ensued.
Essentially, the question presented for this court's determination is whether the right of redemption must be exercised "before the sale", as set forth in F.S. Section 45.031(1), F.S.A., which provides, in part, as follows:
"In cases when a person has an equity of redemption, the court shall not specify a time for the redemption, but the person may redeem the property at any time before the sale." (Emphasis added.)
The identical question was considered by the Third District in Allstate Mortgage Corp. of Florida v. Strasser, Fla.App. 1973, 277 So.2d 843. We adopt the rationale of Strasser wherein the court, in concluding that redemption may be granted subsequent to the day of sale, observed, in part:
"... Inasmuch as that portion of the statute pertaining to time of redemption does not clearly change the common law right of redemption up until confirmation of the sale, we must hold the common law rule prevails. ...
* * * * * *
"... we hereby find that the Legislature intended to adopt the recognized meaning of the word `sale' and that the sale did not take place until ownership of the property was transferred. Said transfer takes place according to § 45.031(3), Fla. Stat., F.S.A., ten days after *276 the day of the sale, upon no objections being filed thereto and issuance of the certificate of title.
"Based on the foregoing, we find the trial court had the power to grant a right of redemption up until the issuance of a certificate of title... ." (Emphasis added.)
Cf. Roberts v. J.I. Kislak Mortgage Corporation, Fla.App. 1972, 257 So.2d 599.
Defendants having sought to exercise their right of redemption subsequent to sale but prior to the issuance of a certificate of title, the order appealed from must be reversed and the cause remanded to the trial court for further proceedings not inconsistent with this opinion.
WALDEN and DOWNEY, JJ., concur.