PER CURIAM.
Appellants seek review of an adverse judgment. There is also an interlocutory appeal (No. 74-1386) which has been consolidated with the full appeal.
The nature of the case, the pleadings involved and the positions taken by the parties in the trial court are clearly disclosed and discussed in the judgment of the trial court which included findings of fact and conclusions of law, as follows:
“FINAL JUDGMENT”
“The Plaintiffs invoked the Declaratory Judgment Act (Chapter 86, F.S.) by seeking a judicial construction of a provision in a written mortgage indenture. The Plaintiffs alleged in their Complaint that there was a building moratorium or there was sewerage unavailability for subject property which would allow them, pursuant to the, terms of said mortgage indenture, to suspend mortgage principal and interest payments due. Plaintiffs alleged compliance with all conditions • precedent to the mortgage indenture.
“The Defendants answered the Complaint and denied the existence of said building moratorium or sewerage unavailability as contemplated by the parties. Defendants demanded dismissal of the case and the assessment of reasonable attorneys’ fees.
“The case proceeded to trial on the issue as made. The Court considered testimony of the parties, their witnesses and all the documentary evidence submitted and received.
“UPON CONSIDERATION, it is the finding of the Court that:
“1. The Plaintiffs and Defendants entered into an agreement for purchase and sale of real property in Dade County, Florida. The parties agreed that the Plaintiffs (Purchasers) would be able to suspend principal and interest - payments due under a mortgage to be made and delivered to Defendants (Sellers) as part of the purchase price, if sewerage became unavailable to the encumbered property.
“2. That at the closing the parties formalized their agreement and the Plaintiffs took title to the subject property and delivered to the Defendants a Mortgage Deed. Specifically, paragraph 12 of the Mortgage indenture states:
“ ‘Should a building moratorium be imposed upon the land by Dade County or other governmental agency, or should water and sewerage become unavailable and either mortgagors or mortgagees, within a thirty (30) day period, be unable to correct this water and sewerage unavailability, then the within purchase money mortgage and note will be subject to a moratorium as to principal and interest during the existence of said moratorium or unavailability or said water and sewerage (said moratorium as to principal and interest resulting from the unavailabili *74 ty of sewerage and water to commence thirty (30) days from notification, in writing, of unavailability as aforementioned). The term moratorium is used herein to refer to principal and interest shall be due or accrue during said period and that no principal shall be due during said period.’
“3. That Defendants produced a contract that they had entered into with the Public Utilities Department of the City of North Miami Beach which would provide sewerage disposal from the encumbered and subject property to existing facilities. The Plaintiffs relied upon said contract. It was the parties’ intention that sewerage availability was availability to existing facilities.
“4. That it was the apparent intention of the parties that should a building moratorium or sewerage and water, or either, become unavailable, the Plaintiffs would be entitled to suspend principal and interest payments due under the said mortgage indenture.
“5. That sewerage became unavailable to existing facilities, as contemplated by the parties because of the moratorium invoked by a lawful authority, COLIN MORRISSEY, Director of Pollution Control of Dade County, Florida. That said, moratorium is and was in effect at all times material to this action.
"6. That the equities of this case are with the Plaintiffs and against the Defendants, and that the Plaintiffs are entitled to the relief they seek.
“Accordingly, it is
“ORDERED-:
“A. That paragraph 12 of the mortgage indenture be judicially construed as to granting the Plaintiffs a moratorium on principal and interest payments due under the mortgage indenture delivered by them to the Defendants, which mortgage indenture is dated June 27, 1973, until such time as the moratorium invoked by COLIN MORRISSEY on December 1, 1972 is revoked or is. modified to allow a sewerage hook up to existing facilities at or adjacent to the subject encumbered property.
“B. That the Defendants are enjoined from foreclosing the said mortgage indenture or taking any action to declare a default of the said mortgage indenture, as long as there is sewerage unavailability as defined in paragraph A. above.
“C. That all sums held in the Trust Account, as created by this Court’s Order of January 11, 1973, be released to the Plaintiffs forthwith. That Trustees are directed to take such action as may be necessary to accomplish this transfer of funds immediately.
“D. That costs will be assessed against the Defendants by appropriate Order upon application therefor.”
This court has considered all points and contentions presented by the appellants, in the light of the record, briefs and arguments of counsel, and concludes that no reversible error has been demonstrated. The findings of the trial court are supported by competent substantial evidence, and in our view the several rulings of the trial court, challenged by appellants did not, on the record and under the law, constitute harmful error.
Affirmed.