**In re Walter and Diane SIMMONS, Debtors.**

**Bankruptcy No. 81–01974–BKC–TCB.**

United States Bankruptcy Court, S. D. Florida.

Jan. 4, 1982.

Armajean Jannach, Miami, Fla., for creditor.

## ORDER OF DISMISSAL

THOMAS C. BRITTON, Bankruptcy Judge.

This chapter 13 case was filed on November 30, 1981. The debtors' mortgagee seeks dismissal. (C.P.No. 3). The motion was heard on December 30.

The debtors have never filed their schedules nor have they filed a plan. B.R. 13–201(a) requires that these papers be filed within 10 days.

There is only one creditor in this case, the mortgagee. A foreclosure decree had been entered and a clerk's sale had been held before bankruptcy. The only step which remained to extinguish the debtors' interest in the mortgaged property was the clerk's issuance of a certificate of title. Under Florida law, prior to the issuance of a certificate of title, the mortgagor has a limited right to redeem his property by payment in full of the total indebtedness. § 45.031, *Fla.Stat.; Walters v. Gallman*, Fla.App. 1973, 286 So.2d 275. The exercise of that right in this case would require the payment of over $40,000. There is no rational prospect that these debtors can exercise that right.

Under these circumstances, this case is dismissed with prejudice under 11 U.S.C. § 1307(c)(1) and (3).

This dismissal terminates the automatic stay. § 362(c)(2)(B). Therefore, the mortgagee is free to proceed with its foreclosure proceedings unless the debtors can avail themselves of their right to redeem under Florida law.