DANAHY, Chief Judge.
The appellant, the defendant in a mortgage foreclosure suit, challenges a summary final judgment of mortgage foreclosure. The appellant asserts that the trial judge erred in refusing to allow the appellant to amend its pleadings to add an additional affirmative defense. We agree, and reverse.
*752 The appellant purchased a building from the appellees. As part of the purchase price, the appellees took back a note and mortgage from the appellant which they seek to enforce in this proceeding.
The day before a scheduled hearing on the appellees’ motion for summary judgment of foreclosure, the appellant served on the appellees a motion to allow amendment of the appellant’s answer to add an affirmative defense. The trial judge heard that motion at the time scheduled for the hearing on the appellees’ motion for summary judgment. The proposed affirmative defense was based on the appellant’s contention that at the time of the sale the appellees made a material misrepresentation to the appellant concerning the usage of the property, a representation which the appellees then knew was untrue and would be relied upon by the appellant.
Specifically, the alleged misrepresentation was that the third floor of the building could be occupied and rented. In its affirmative defense, the appellant contended that because there was no fire escape to the third floor, that floor could not be rented because to do so would violate the fire code; therefore, the appellant suffered damages by way of lost rents and the lost rents prevented the appellant from making the mortgage payments when due. The affirmative defense was framed by the appellant as a “setoff.”
The appellees say that the trial judge properly denied the appellant’s motion to amend so as to add this defense because the motion was untimely. However, the trial judge did not deny the motion on the basis of untimeliness; he denied the motion “for the reason that the proposed affirmative defense is not a proper or legally sufficient defense to this mortgage foreclosure action.”
We believe the appellant has presented at least the basic structure of a possibly meritorious defense and that the trial judge erred in summarily rejecting that defense. We find support for this conclusion in Hilsenroth v. Kessler, 446 So.2d 147 (Fla. 3d DCA 1983). We believe that for purposes of determining whether the appellees are entitled to summary judgment, the trial judge should consider the defense sought to be asserted by the appellant.
Accordingly, we reverse and remand for further proceedings.
SCHEB and SCHOONOVER, JJ., concur.